**The Aetna Casualty and Surety Company v. United States Fidelity and Guaranty Company**

Before Brown, *P.J.*, and Mueller and Bucher, *JJ.*

*Hartman & Underhill,* for plaintiff.
*Geisenberger, Zimmerman, Pfannebecker & Gibbel,* for defendant.

BROWN, *P.J.*, and MUELLER, *J.*, December 22, 1976 — This matter is before the court on the preliminary objections in the form of a demurrer filed

by defendant to plaintiff's complaint. The demurrer raises basically two objections: (1) the complaint fails to allege any contract or contractual relationship between plaintiff and defendant on which liability would be based and (2) the complaint fails to assert any facts which would disclose liability on the part of defendant to Calvin E. Seibert, the injured employe to whom or for whose benefit plaintiff allegedly made payments.

On September 24, 1976, plaintiff filed a complaint in assumpsit, alleging the following pertinent facts: (1) that both parties are insurance companies; (2) that on or about September 10, 1970, one Calvin E. Seibert sustained an injury during the course of his employment; (3) that Seibert was an employe of Paul Weinhold, Inc. (Weinhold), a subcontractor, at the time of his injury; (4) that Seibert commenced a suit against two other parties, Kurtz Precast Corporation (Kurtz), the concrete subcontractor, and E. E. Murry Construction Company (Murry), the general contractor; (5) that plaintiff was Kurtz's liability insurance carrier and defendant was Weinhold's workmen's compensation insurance carrier; (6) that Weinhold had been employed by Kurtz as a welding subcontractor; (7) that plaintiff made payments to and for the benefit of Seibert in the belief that Kurtz was potentially liable to Seibert for negligence; (8) that plaintiff paid $4,543.15 in medical bills and $6,000 in wage continuation payments; (9) that plaintiff subsequently concluded that Kurtz was a statutory employer of Seibert and therefore not liable to Seibert in a negligence action; (10) that plaintiff thereupon stopped payments to Seibert *and demanded* from defendant repayment of the funds which it had paid; (11) that the payments made by

plaintiff were made under a mistake of fact and defendant was unjustly enriched thereby; and (12) that defendant has refused plaintiff's demand.

The rule is clear that preliminary objections admit as true all facts which are well and clearly pleaded but not the pleader's conclusions or averments of law: Stahl v. 1st Pennsylvania Banking & Trust Co., 411 Pa. 121, 191 A. 2d 386 (1963). At the time of Seibert's injury which occurred in the course of his employment the Pennsylvania Workmen's Compensation Act provided:

Section 301(a). "When employer and employe shall by agreement, either express or implied, as hereinafter provided, accept the provisions of article three of this act, compensation for personal injury to . . . such employe, by an accident in the course of his employment, shall be paid in all cases by the employer, without regard to negligence, according to the schedule contained in sections 306 and 307. . . ." Act of June 2, 1915, P.L. 736, art. III, sec. 301(a), as amended, 77 P.S. §431.

From these admitted facts defendant would be liable to Seibert for compensation benefits payable under the act at the time of the injury: Act of June 2, 1915, P.L. 736, art. III, sec. 305, as amended, 77 P.S. §501.

The legislature has created a form of employment known as "statutory employment.": McDonald v. Levinson Steel Co., 302 Pa. 287, 153 Atl. 424 (1930). "Statutory employment" is created under separate provisions of the act: section 203 of Article II, 77 P.S. §52 and section 302 of Article III, 77 P.S. §462. Section 203 provides:

"An employer who permits the entry upon premises occupied by him or under his control of a la-

borer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe."

Section 302(b) uses the same language as is quoted above in section 203 but adds language which binds the statutory employer to compensate a statutory employe as if he had hired the worker as his employe. Under these provisions of the act the statutory employer becomes responsible to pay compensation to the employe of another, a worker whom he did not hire, but in return gains the immunity of an employer and his insurance carrier from negligence suits brought by that injured employe.

In Menginie v. Savine, 170 Pa. Superior Ct. 582, 88 A. 2d 106 (1952), the claimant was injured in a fall in the course of his employment. The injured claimant filed a petition seeking benefits against the following: his own employer, who did not have compensation coverage for his employes; the first subcontractor, who had hired claimant's employer to do part of its work; and the general contractor. The Superior Court held that as between the first subcontractor and the general contractor, both of whom were statutory employers, the responsibility to pay was placed upon the first subcontractor. The effect of Menginie is that compensation liability, in a chain of contractors, fell on the first one which was insured.

While Kurtz, the first subcontractor, may be a statutory employer as alleged in the complaint, plaintiff or another insurance company which insured Kurtz for workmen's compensation coverage

may not be liable for compensation benefits unless Weinhold, the employer of Seibert, failed to carry workmen's compensation insurance. The complaint, however, clearly avers that defendant was the workmen's compensation insurance carrier for Weinhold and would, therefore, under the act as construed by the Menginie decision be primarily liable.

Plaintiff has paid funds to Seibert for medical bills and loss of wages. It is alleged that such payments were made under a mistake of fact. The allegations in the complaint based on the law indicate that plaintiff would not be liable for workmen's compensation benefits payable to Seibert. Plaintiff seeks recovery from defendant on the theory of unjust enrichment.

The Restatement of Restitution states in section 43(1):

"A person who, by payment to a third person, has discharged the duty of another or has released another's property from an adverse interest, doing so unintentionally or acting because of an erroneous belief induced by a mistake of fact that he was thereby discharging a duty of his own or releasing property of his own from a lien, is entitled to restitution from such other of the value of the benefit conferred up to the value of what was given, unless the other disclaims the transaction."

Plaintiff felt that it had some obligation to pay or interest to protect by making the payments. As alleged in paragraph 12 of the complaint, defendant has not made workmen's compensation payments for medical bills and for weekly compensation to Seibert to the extent that these items have been paid for by plaintiff. Defendant has been unjustly

enriched because it has not paid out funds which it has under the admitted averments of fact the primary obligation to pay. The court interprets section 43(1) to apply in this situation although the complaint suggests in paragraph 12 that plaintiff's payments did not completely discharge defendant's obligation under the Workmen's Compensation Act. The court does not feel from the allegations in the complaint for the purposes of this demurrer that plaintiff was a "mere volunteer or intermeddler." See Home Owners' Loan Corp. v. Crouse et al., 151 Pa. Superior Co. 259, 30 A. 2d 330 (1943).

While there is no privity of contract between plaintiff and defendant, it was stated in Wingert v. T. W. Phillips Gas & Oil Co., 398 Pa. 100, 157 A. 2d 92 (1959), that the doctrine of unjust enrichment does not deal with situations in which the party to be charged has by word or deed legally consented to assume a duty to the party seeking to charge him. The doctrine applies only to situations where there is no legal contract. See also United States Fidelity and Guaranty Company v. Oliver Sager & Son, 61 Lanc. 273 (1968).

The court determines that a cause of action has been set forth in the complaint.[1]

## ORDER

And now, December 22, 1976, the preliminary objections in the form of a demurrer are dismissed with leave to defendant to file a responsive pleading to the complaint within 20 days.

---

1. This decision is not to be construed as giving plaintiff a cause of action on an unjust enrichment theory for any amount other than what medical bills and expenses and compensation would be due Seibert under the Pennsylvannia Workmen's Compensation Act.

DISSENT: BUCHER, *J.*

I would deny recovery, i.e., sustain the preliminary objections and dismiss the complaint. I believe that section 43(1) of the Restatement of Restitution is inapplicable because plaintiff's payments to Seibert did not discharge defendant's duty to pay Seibert under the Workmen's Compensation Law.

The payment in this case was the unilateral act of plaintiff without any fraud or misrepresentation on the part of defendant, and the principle of unjust enrichment does not apply.