Menginie, Appellant, v. Savine, Appellant.

Argued March 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*George H. Detweiler,* with him *Rita Elizabeth Prescott, David Fulmer Keely, Robert A. Detweiler* and *Charles W. Sweeney,* for defendant Savine and insurance carrier, appellants.

*Paul H. Ferguson,* for defendant Galligan Brothers and insurance carrier, appellees.

*Alexander F. Barbieri,* submitted a brief for claimant.

OPINION BY DITHRICH, J., April 22, 1952:

Claimant has been thwarted in his efforts to obtain payment of workmen's compensation for permanent injuries and total disability resulting from his becoming impaled on the spikes of an iron fence in a fall in the course of his employment. Claims arising under similar circumstances on and after January 2, 1952, the effective date of amendatory Act No. 481, will not be subject to such improvident delay. The amendment to

the Workmen's Compensation Act provides that "the referee or the board shall forthwith order payments to be immediately made by the defendants or the carriers in said case. After the referee or the board renders a final decision, payments made by the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case, as costs in the proceedings, in favor of the defendant or carrier not liable in the case."

Delay in payment of the admittedly just compensation which has been awarded this claimant has been due to the refusal of the insurance carrier for a subcontractor to abide by the decision of the Workmen's Compensation Board, affirmed by the court below, that its insured and not the general contractor is the responsible employer. The essential facts, briefly and succinctly stated by the learned judge of the court below, are as follows:

"Galligan Brothers contracted to do certain work on a church building. They gave a sub-contract for excavation work to Savine, who furnished Galligan Brothers with a certificate of workmen's compensation insurance coverage. Savine engaged Donald Pietropola to do pointing work, for which the latter billed Savine in the sum of $150., which was paid. Savine added ten per cent. to this charge and billed Galligan Brothers for $165., which was paid. The latter added ten per cent. and billed the pastor of the church for $181.50, and this likewise was paid.

"Savine did not require Pietropola to carry workmen's compensation insurance, nor did he have any agreement with him with respect to liability for compensable injuries to his employees. No notices had been posted by either Galligan Brothers or Savine which would eliminate them from the terms of the workmen's compensation laws.

"One week prior to August 14, 1948, claimant had assisted Pietropola in erecting a scaffold for the doing of the pointing work. On August 14, 1948, while assisting in the removal of the scaffolding, claimant fell and sustained serious injuries as a result of which he is totally disabled.

"The foregoing facts were found by the referee and affirmed by the board."

The court continued: "The referee concluded as a matter of law that since Savine did not require Pietropola to carry workmen's compensation insurance, and since he had no agreement with him with regard to liability for compensable injuries to his employees, Savine was liable to claimant." The conclusion is based on sufficient competent evidence and the weight to be given the evidence is for the compensation authorities. *Harris v. Meyers,* 160 Pa. Superior Ct. 607, 52 A. 2d 375.

Savine has appealed from the entry of judgment against him, and Menginie, the claimant, in what as stated by his counsel "represents a solely protective measure" and by the court below "an excess of caution," has appealed from the dismissal of his claim against Galligan Brothers. By stipulation of counsel, approved by the court below, the appeals were "considered together for the purpose of argument and decision" and were disposed of in one opinion. We will follow the same course.

Stripped of all nonessentials, the question is whether or not the general contractor was relieved of liability for injury to the employe under the provisions of §302(b) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §462, which provides in part as follows: ". . . an employer who permits the entry, upon premises occupied by him or under his control, of a laborer or an assistant hired by an em-

ploye or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to that employe or contractor, shall be conclusively presumed to have agreed to pay to such laborer or assistant compensation in accordance with the provisions of article three, unless the employer shall post in a conspicuous place, upon the premises where the laborer's or assistant's work is done, a notice of his intention not to pay such compensation, . . . And in such cases, where article three binds such employer and such laborer or assistant, it shall not be in effect between the intermediate employer or contractor and such laborer or assistant, *unless otherwise expressly agreed.*" (Italics supplied.)

Galligan Brothers did not post notices on the premises rejecting article III of the Act but they agreed with the subcontractor Savine that Savine would provide workmen's compensation insurance.

Appellants place great reliance on the statement in *Qualp v. James Stewart Co., Inc.*, 266 Pa. 502, 109 A. 780, that "The employee of a second subcontractor is an employee of the general contractor within the meaning of article III of the Workmen's Compensation Act of June 2, 1915." The facts in that case are quite similar to the facts in the instant case. There, the general contractor employed a subcontractor, who in turn employed a second subcontractor. An employe of the second subcontractor died as a result of injuries sustained in the course of his employment and his dependents claimed compensation from the general contractor. The Court said (p. 509): "The power was placed in the *employer's subcontractor* to make *another subcontract,* and thus further entrusted the performance, on the premises, of a part of the employer's regular business that had been delegated by the employer to that subcontractor. The employer, through his fail-

ure to take advantage of the exemption allowed by the act, made it possible to create the condition which actually followed. Unless the precaution provided by law was taken, *employees* of the *second subcontractor* would stand in the same relation to the *original contractor* as employees of the first subcontractor. The employer could have prevented this by posting notices *or by providing for compensation liability in his subcontract,* in the event of a second subcontract." (Emphasis added.) In the instant case the employer or general contractor did prevent this "by providing for compensation liability in his subcontract."

And "when, under authority of section 302 (b), plus the agreement between the statutory employer and the subcontractor, an assured compensation has been provided for to be paid by the latter, the injured employee or his dependents must receive from the subcontractor the compensation specified under the act. The principal contractor is no longer bound and is not required to answer 'in the same manner and to the same extent as to his own employee.' To reason on any other basis would lead to an absurdity and foist on the principal contractor a responsibility not contemplated by the Compensation Act and out of all proportion to reasonable requirements." *Byrne v. Henry A. Hitner's Sons Co.,* 290 Pa. 225, 234, 138 A. 826.

Anent the conclusion of the board that it would be unjust to hold Galligan Brothers liable, appellants *"point out that Galligan collected $181.50 for the work on which the accident occurred."* But the first subcontractor and the general contractor each in turn added ten per cent to the bill of the second subcontractor, so that by the time it reached the owner $31.50 had been added to the $150 bill for the work. Appellees pointedly ask how Savine could add ten per cent to Pietropola's bill before he passed it on to the general contractor if

the general contractor and not he had contracted with Pietropola to do the work. The answer is he could not.

Finally, appellants urge upon us that the imposition of liability on Savine is a denial of the equal protection of the law guaranteed by the Fourteenth Amendment to the Constitution of the United States. This argument is based on the fallacious assumption that Pietropola and Savine were both subcontractors under Galligan Brothers, whereas the fact is that there was no contractual relationship between Galligan Brothers and Pietropola, but only between Savine and Pietropola. Savine brought Menginie on the job and under the statute he could have protected himself from liability for injury to the employe borrowed from Pietropola in the same way that Galligan Brothers did. But since Galligan Brothers required Savine to carry compensation insurance and Savine did not require Pietropola to do likewise, Savine is liable to claimant.

Judgments affirmed.