John Joseph **WHITING** and American
Surety Company of New York,
Appellants,

v.

**FARNSWORTH & CHAMBERS CO., Inc.,**
Appellee.

No. 6646.

United States Court of Appeals
Tenth Circuit.

June 23, 1961.

———◆———

John C. Mott, Denver, Colo. (Albert E. Zarlengo, Denver, Colo., on the brief), for appellants.

No appearance for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing an action brought by Whiting and the American Surety Company of New York [1] against Farnsworth & Chambers Co., Inc.[2] The facts alleged in the amended complaint and in an affidavit attached to the motion to dismiss are these:

Farnsworth entered into a prime contract with the United States to perform certain construction work at the United States Air Force Academy near Colorado Springs, Colorado, and entered into a subcontract with Steel Sash Service, Inc.[3] to perform a portion of the work. Whiting was an employee of Steel Sash and on September 16, 1958, while working in the course and scope of his employment and in the prosecution of the work under the subcontract, suffered injuries caused by the negligence of Farnsworth.

At all times material in the instant case, Steel Sash was insured by the Surety Company for the payment of compensation under The Workmen's Compensation Act of Colorado (C.R.S.1953, Vol. 4, 81–5–1), in accordance with the requirements of such Act. Whiting elected to receive and was paid workmen's compensation benefits, pursuant to such Act, by the Surety Company.

The trial court held that the asserted common law liability of the prime contractor was abrogated by The Workmen's Compensation Act of Colorado.

Subsequent to the decision of the court below in the instant case, this court, in Thomas v. Farnsworth Chambers Co., 286 F.2d 270, under facts not materially different from the facts in the instant case, held that the common law liability of a prime contractor and the right of action against him therefor, for injuries suffered by an employee of an insured subcontractor of such prime contractor, caused by the negligence of the prime contractor, were not abrogated by The Workmen's Compensation Act of Colorado.

Subsequent to the decision of the court below, a District Court of the Eighth Judicial District of Colorado, sitting in Weld County, in the case of Erbes v.

---

1. Hereinafter called the Surety Company.

2. Hereinafter called Farnsworth.

3. Hereinafter called Steel Sash.

Great Western Sugar Company, No. 14167 on the Civil Docket of such court, under facts not materially different from the facts in the instant case, also held that such common law liability of a prime contractor and the right of action against him therefor were not abrogated by The Workmen's Compensation Act of Colorado.

Counsel for appellee concede that the instant case is controlled by our decision in Thomas v. Farnsworth Chambers Co., supra. Accordingly, the order is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.