Nineteen North, Inc. and Crum & Forster Insurance Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Lorene Schenecker, Respondents.

Argued November 13, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Raymond F. Keisling,* with him *Will and Keisling,* for petitioner.

*Ronald P. Koerner,* with him *Allan H. Cohen, Gatz, Cohen, Segal & Koerner,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., December 28, 1979:

Lorene Schenecker, widow of Charles M. Schenecker, was awarded workmen's compensation benefits by a referee. The Workmen's Compensation Appeal Board affirmed and his employer, Nineteen North, Inc., appeals to us. We affirm the Board.

The issue is whether Nineteen North, Inc., a general contractor constructing an apartment complex, is liable as a statutory employer for the fatal injuries of Charles M. Schenecker, a project worker. He had been employed under an oral agreement to lay parquet flooring which he was doing for several months prior to a construction explosion accident. The employer contends that Schenecker was an independent contractor.

The referee concluded that Nineteen North was Schenecker's statutory employer under the provisions of Section 203 of The Pennsylvania Workmen's Com-

pensation Act,[1] 77 P.S. §52, and ordered it to pay workmen's compensation benefits to the widow together with medical and funeral expenses. On appeal, the Board first set aside the award and ordered a remand to permit claimant to enlarge the record. Following additional depositions, the referee awarded benefits and was later affirmed by the Board.

We look to Section 203 for instruction:

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

This section throws the burden on the man who secured the original contract from the owner to the end that employees of any degree doing work thereunder might always be protected in compensation claims. *Qualp v. James Stewart Co.*, 266 Pa. 502, 509, 109 A. 780, 782 (1920). More specifically, it affords workmen's compensation protection to injured employees of uninsured contractors by imposing secondary liability on the contractor who actually let the work.[2] *Jamison v. Westinghouse Electric Corp.*, 375 F.2d 465 (3rd Cir. 1967).

In construing Section 203 of the Act, our Supreme Court has provided us with five requirements necessary to bring an employer within the Act's definition of a "statutory employer":

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

[2] The Act specifically contemplates relief in situations like the present where neither the decedent nor the corporation which he was allegedly employed by, Schenecker Builders, Inc., carried workmen's compensation insurance.

(1) An employer who is under contract with an owner or one in the position of an owner [herein, Nineteen North, Inc., was the general contractor of an apartment complex on a job site owned by the John Hancock Life Insurance Company].

(2) Premises occupied by or under the control of such employer [herein the construction job site was under the control of the general contractor, Nineteen North, Inc.].

(3) A subcontract made by such employer [herein Nineteen North, Inc., orally subcontracted work to the decedent].

(4) Part of the employer's regular business entrusted to such subcontractor [herein decedent was laying parquet flooring for Nineteen North, Inc.].

(5) An employee of such subcontractor.

*McDonald v. Levinson Steel Co.*, 302 Pa. 287, 295, 153 A. 424, 426 (1930).

The parties here have conceded the existence of four of these five elements; at issue is whether decedent was an employee of a subcontractor.

In a workmen's compensation case where a widow/claimant files for benefits alleging that her husband was a statutory employee, she is given the burden of establishing the fact, *Aurand v. Universal Carloading & Distributing Co.*, 131 Pa. Superior Ct. 502, 200 A. 285 (1938), and where the widow/claimant has prevailed below, review by this Court is limited to a determination of whether findings of fact are supported by substantial evidence or whether there was an error of law. *Lanzarotta v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 284, 400 A.2d 697 (1979). Crucial to resolution of this claim is whether the referee's finding No. 8 that the decedent

was an employee of the subcontractor Schenecker Builders, Inc., is supported by substantial evidence.

We are persuaded by the following relevant evidence:

1. Testimony of Charles J. Schenecker, son of decedent, that at the time of his father's accident both he and his father were employed by Schenecker Builders, Inc.

2. Stipulation by the parties that Schenecker Builders, Inc., was incorporated September 4, 1962, and that no proceedings, merger, sale or dissolution was filed as of May 28, 1974.

3. Claimant's Exhibit D (Decedent's 1971 Internal Revenue Service Wage and Tax Statement) indicating that the decedent regarded his construction enterprise as a business and utilized the tax benefits available to a businessman.

4. Claimant's Exhibit D (Decedent's son's 1972 IRS Wage Tax Statement) indicating the son was employed in 1972, the year of his father's death, by a corporation—Schenecker Builders, Inc.

5. Testimony by the project manager of Nineteen North, Inc., that he regarded the decedent and his workers as subcontractors and that to the best of his knowledge payment for decedent's work was payable by check made out to a corporation.

We issue the following order affirming the award of compensation:

ORDER

AND Now, this 28th day of December, 1979, the order of the Workmen's Compensation Appeal Board, Number A-74763, dated October 5, 1978, is hereby affirmed. It is ordered that judgment be entered in favor of Lorene Schenecker and against Nineteen North, Inc., and Crum & Forster Insurance Company

in the amount of $60.00 per week from March 18, 1972 through April 7, 1972; and $39.00 per week from April 8, 1972 to continue in accordance with the provisions of The Pennsylvania Workmen's Compensation Act.

An interest of 10 per cent (10%) per annum is assessed on all deferred payments.

Further, the employer and/or its insurance carrier is ordered to pay medical bills in the amount of $2,-979.50 and funeral expenses in the amount of $750.00.