434 A.2d 756

**CRANSHAW CONSTRUCTION INC., Appellant,**

**v.**

**Lawrence L. GHRIST, Paul Wolk, Individually and Paul Wolk t/d/b/a C. E. Wolk Masonry Co. and C. E. Wolk Masonry Co., a corporation, and Catherine E. Wolk, t/d/b/a C. E. Wolk Masonry Contractor.**

Superior Court of Pennsylvania.

Argued Feb. 10, 1981.

Filed Sept. 4, 1981.

Petition for Allowance of Appeal Denied Jan. 4, 1982.

Ronald J. Bergman, Greensburg, for appellant.

Robert F. Schultz, Pittsburgh, for Ghrist, appellee.

Robert J. Behling, Pittsburgh, for Wolk, appellee.

Before BROSKY, DiSALLE and SHERTZ, JJ.

BROSKY, Judge:

This is a trespass action which appellee, Ghrist, commenced to recover damages he suffered when a concrete wall fell upon him. The accident occurred at a construction site where appellee was employed by a subcontractor. Appellant, Cranshaw Construction, Inc., one of the named defendants in the case below, was the general contractor. Appellant argued in a motion for summary judgment that, as the general contractor, it had the status of "statutory employer" conferred by the Pennsylvania Workmen's Compensation Act.[1] The lower court found that appellant was Mr. Ghrist's statutory employer but concluded that it did not enjoy the immunity from suit which appellant contends

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1, et seq.
   Appellant's motion followed its assertion of this claim in its Answer to the New Matter filed by appellee, Paul Wolk. In New Matter, Wolk joined appellant as an additional defendant in order to protect his right to contribution or indemnity. The question of whether appellant can be so joined will be discussed at the conclusion of this opinion.

follows from that status and therefore denied the motion. We find that Cranshaw is immune and therefore reversed the order.

Section 203 [2] of the Workmen's Compensation Act establishes the requisites of statutory employer status in negligence actions. It provides:

An employer who permits the entry upon premises occupied by him or under his control of the laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

In *Nineteen North, Inc. v. Workmen's Compensation Appeal Board*, 48 Pa.Cmwlth. 208, 409 A.2d 503 (1979), the Commonwealth Court explained that,

In construing Section 203 of the Act, our Supreme Court has provided us with five requirements necessary to bring an employer within the Act's definition of a "statutory employer":

"(1) An employer who is under contract with an owner or one in the position of an owner...

(2) Premises occupied by or under the control of such employer...

(3) A subcontract made by such employer...

(4) Part of the employer's regular business entrusted to such subcontractor...

(5) An employee of such subcontractor."

[Citing *McDonald v. Levinson Steel Co.*, 302 Pa. 287, 295, 153 A. 424, 426 (1930)]. See *Pape v. Smith*, 227 Pa.Super. 80, 323 A.2d 856 (1974).

Appellant contends that it was appellee's statutory employer. It argues that it is entitled to the immunity of a statutory employer and that therefore its motion for summary judgment should have been granted.

**2.** 77 P.S. § 52, *as amended.*

Because this case is before us on appeal from the denial of a motion for summary judgment, we must view the evidence in light of Pennsylvania Rule of Civil Procedure 1035(b). The Rule provides that summary judgment should be granted if:

> ... the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law.

The pleadings, depositions and interrogatories contain the following evidence. A vice-president of National Development Corporation, the owner of the property on which the accident occurred, stated in an affidavit that appellant had entered into a construction contract with the owner for the erection of buildings on that property.

The officer also stated in his affidavit that on the date of the accident the appellant occupied and was in possession of the premises and was in control of the construction project. In a deposition, a former employee of the subcontractor stated that an employee of appellant, the general contractor, was "more or less" the "boss of the job site." The witness said that the employee of the appellant was "completely the general of the whole thing."

A copy of the subcontract agreement between appellant and Mar Ray, Inc., the subcontractor, was attached to the affidavit of the president of Mar Ray, Inc.

In his complaint, appellee alleged that appellant was the general contractor employed to construct a building on the premises where the accident occurred. Appellant later introduced a copy of its contract with the owner of the premises showing it to be the general contractor for the construction of many buildings, including one on the premises in question. The subcontract with Mar Ray, Inc. indicated that Mar Ray was to perform the carpentry work on the property on which the accident occurred.

We believe that there is no genuine question that, under these circumstances, the subcontractor was entrusted with part of the employer's regular business (that being the construction of the buildings).

Appellee's complaint states that he was an employee of Mar Ray, Inc. As we have seen, Mar Ray, Inc. was the subcontractor.

█ Given the above described evidence and the lack of other evidence favorable to appellee, we find no error in the lower court's finding that there is no genuine issue as to whether appellant was appellee's statutory employer. See *Pape v. Smith*, supra.

The effect of this section was explained in Barbieri, *Pennsylvania Workmen's Compensation & Occupational Disease* (1975) as follows:

Thus, in negligence cases, the general contractor has the full immunity from suit by the employee of a subcontractor which an immediate employer would have. He is the statutory employer and is the injured employe's employer for negligence immunity purposes and is secondarily liable for compensation even though the immediate employer or some other intermediate subcontractor ... is insured and responds fully on the injured employe's claim. The reason for this difference cannot be found in the language of the statute, but the rationale must be that, since the general contractor remains statutorily liable, although only in a reserve status, in return for this he has the statutory employer's immunity from statutory employe negligence suits in all events.

Barbieri, supra, vol. 1, § 4.09(3) (footnotes deleted) (citing cases). See *Capozzoli v. Stone & Webster Engineering Corporation*, 352 Pa. 183, 42 A.2d 524 (1945).

Section 203 was last amended in 1939. Section 302 [3] of the Act, which is under Art. III, formerly entitled, "Elective

**3.** As amended in 1974 § 302 provides in relevant part:
(a) A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to

Compensation," was amended in 1974. Appellee argues that the amendments to this section also effectively amended § 203 which is part of Art. II, "Damages by Action at Law."

We are concerned in the present case with subsections (a) and (b) of Section 302. Subsection (a) is found at 77 P.S. § 461, "coverage of employees of subcontractor"; subsection (b) is found at 77 P.S. § 462, "coverage of laborer or assistant hired by employe or contractor."

Prior to the 1974 amendments, the statute stated that it was to be conclusively presumed that the employer or contractor had agreed to pay compensation. However, the statute did contain what is termed "elective compensation" language. That is, an employer or contractor could, if he complied with the terms of the statute, opt not to pay compensation as called for in the Act.

The present statute includes no elective compensation language. Instead, it provides that contractors and employers are to pay compensation as mandated by the Act, unless the subcontractor (§ 461) or hiring employer (§ 462), primarily liable has secured its payment. The employer referred to in Section 462 is defined in the same way as in the former statute and as in Section 203 of the Act.

> the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act. Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor. 77 P.S. § 461.
>
> \* \* \* \* \* \*
>
> (b) Any employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act. Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from another person if the latter is primarily liable therefor. 77 P.S. § 462.

Under the former statute, an employer who did not pay compensation was nonetheless accorded the immunity that stems from statutory employer status. As Barbieri, supra, explained:

> ... [W]hen the general contractor is the statutory employer in a negligence suit brought against him by the statutory employe and derives immunity therefore from the statutory employment relationship . . . . . this does not mean that he must pay compensation in a case like Menginie where he has complied with those requirements of Section 302(b) which should save him from compensation liability.

Id. at p. 32 § 409 (citing *Menginie v. Savine*, 170 Pa.Super. 582, 88 A.2d 106 (1952) where the question was whether the general contractor is liable to pay compensation to the employee of a second subcontractor with whom the general had no contract.)

In *Capozzoli*, supra, our Supreme Court held that, under the former statute, an agreement by a subcontractor to provide workmen's compensation for its employees does not operate to remove the statutory employer from the scope of Art. II of the Workmen's Compensation Act, even though it may operate to relieve such employer from payment of compensation by placing that responsibility upon the subcontractor.

■ Since Section 203 was not changed by the amendment, we see no reason to construe the alteration of Section 302 as an indirect amendment of the former section. Our research has disclosed no evidence of legislative intent to alter the result in cases like *Capozzoli*, in which compensation was paid by a party other than the statutory employer.

Furthermore, rules of statutory construction require that every statute be construed, if possible, to give effect to all of its provisions. See 1 Pa. C.S. § 1921(a); *Hospital Association of Pennsylvania v. MacLeod*, 487 Pa. 516, 410 A.2d 731 (1980).

To find that appellant was not appellee's statutory employer would be in disregard of the terms of Section 203 of the Act.

Having concluded that appellant was entitled to immunity from liability to the appellee, Ghrist, we come finally to the question of whether he is similarly immune from being joined as an additional defendant by appellee, Wolk.

■ Section 303 of the Act provides:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, *but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution or indemnity in any action at law, or otherwise, unless liability for such damages contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.*

Act of December 5, 1974, P.L. 782, No. 263, § 6; 77 P.S. § 481 (Supp.1980–1981) (emphasis added) (footnotes deleted).

Section 303(b) prohibits the joinder of an employer as an additional defendant. *Arnold v. Barbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978). *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977).

The *Hefferin* court wrote:

The Supreme Court has made it clear that the purpose of [Section 303(b)] of the Act was to restrict the remedy available to an employer against the employer to compensation, *and to close to the employee, and to third parties, any recourse against the employer in tort for negligence.* (emphasis added) (citing cases)

Id., 247 Pa.Super. at 369, 372 A.2d at 871.

Prior to the enactment of the 1974 amendments to Section 303 of the Act, the issue of whether an employer was liable for contribution to a third party was controlled by case law. See *Giordano v. Clement Martin, Inc.*, 347 Pa. 61, 31 A.2d 504 (1943); *Hattersley v. Bollt*, 512 F.2d 209 (1975) (where the Third Circuit Court of Appeals applied cases limiting the contribution of employers to statutory employers).

Case law limited the contribution recoverable from the employer by a third party to the extent of the employer's statutory liability under the Act. See *Tsarnas v. Jones & Laughlin Steel Corporation*, 488 Pa. 513, 412 A.2d 1094 (1980). In the event the general contractor had been relieved of the obligation to pay compensation for which it would otherwise have been liable, no right of contribution existed. See *Giordano v. Clement Martin, Inc.*, supra.

The present statute relieves the employer of the obligation to contribute to an award imposed upon a third party. That is, unlike the former approach, the current statute relieves an employer of the obligation to contribute, even if he has paid compensation. The statute broadens the employer's immunity; it does not diminish it. Appellee's argument that appellant's failure to pay compensation should deny it immunity from contribution conflicts with the statute. As this court's opinion in *Hefferin* makes clear, with the enactment of the 1974 amendments, "the Legislature made the Pennsylvania Workmen's Compensation Act a complete substitute for, not a supplement to, common law tort actions." Id., 247 Pa.Super. at 369, 372 at 871.

We have found appellant to be appellee's statutory employer. To find that it is not the "employer" referred to

in Section 303, would frustrate the legislative intent as enunciated in *Hefferin*.

We find that summary judgment should have been granted to appellant and therefore reverse the lower court's order.

DiSALLE, J., files a concurring statement.

SHERTZ, J., files a dissenting opinion.

DiSALLE, Judge, concurring:

I concur in the result. If, as the dissenting opinion suggests, it was the intention of our Legislature, in enacting the 1974 amendments to Sections 461 and 462, to "follow those jurisdictions which do not allow general contractors, who have no liability for workmen's compensation, to escape common law liability as well," it could very easily have said so, especially when it was aware that the prior language had been construed as immunizing statutory employers from such liability.

SHERTZ, Judge, dissenting:

The instant record does not establish Appellant as a statutory employer, either as a matter of fact or as a matter of law. Appellant is, therefore, neither immune from common law liability nor insulated against joinder as an additional defendant. Thus, the lower court was correct, albeit for reasons with which I respectfully disagree, in denying Appellant's motion for summary judgment.[1]

A motion for summary judgment may properly be granted only where there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Rule 1035, Pa.R.Civ.P. The record must be viewed in the light most favorable to the non-moving party, the moving party has the burden of demonstrating that there exists no genuine issue of fact, *Nash v. Chemetron Corp.*, 246

1. This appeal from an interlocutory order is properly before us upon certification of the lower court pursuant to 42 Pa.Stat.Ann. § 702(b) (Purdon 1981).

Pa.Super. 595, 371 A.2d 992 (1977) (citations omitted), and summary judgment should be granted only where the case is clear and free from doubt. *Bollinger v. Palmerton*, 241 Pa.Super. 341, 361 A.2d 676 (1976). Moreover, all doubt as to the existence of a genuine issue as to a material fact should be resolved against the moving party. *Id.* In passing upon a motion for summary judgment, it is not the function of the court to decide issues of fact, but rather, solely, to determine whether there is an issue of fact to be tried. *Matson v. Parking Service Corporation*, 242 Pa.Super. 125, 363 A.2d 1192 (1976) (citation omitted). Although this distinction may, at times, be difficult to discern, it is one which may not be overlooked. Finally, as to the statutory employer concept, it must be borne in mind, as pointed out by Judge Hoffman over a decade ago,

> . . . very great care . . . must be exercised before allowing an employer to avoid his liability at common law by asserting that he is a statutory employer. [Section 52] [2] of the Workmen's Compensation Act, which was designed to extend benefits to workers, should not be causally converted into a shield behind which negligent employers may seek refuge.

*Stipanovich v. Westinghouse Electric Corporation*, 210 Pa. Super. 98, 106, 231 A.2d 894, 898 (1967).

Given the aforementioned principles, I do not believe the statutory employer concept is instantly applicable under the strict requirements as enunciated in *McDonald v. Levinson*, 302 Pa. 287, 153 A. 424 (1930). Furthermore, I believe the statutory employer concept is inapplicable, inasmuch as the 1974 amendments [3] to the Workmen's Compensation Act (hereinafter referred to as "the Act") have modified the *McDonald* test. Finally, I would hold that Appellant, whether or not it enjoys statutory employer status, may be joined as an additional defendant.

**2.** Pa.Stat.Ann. tit. 77, § 52. *For clarity, this opinion shall cite only to the pertinent Purdon's sections, rather than to the Public Law sections.*

**3.** Pa.Stat.Ann. tit. 77, §§ 461–462 (Purdon Supp.1981–82).

## I.

The statutory employer defense was derived from the following provision in the Act:

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

Pa.Stat.Ann. tit. 77, § 52 (Purdon 1952).

The Supreme Court, in *McDonald*, construed this section as requiring five criteria to be satisfied in order to give rise to the status of statutory employer. They are:

(1) An employer who is under contract with an owner or one in the position of an owner.

(2) Premises occupied by or under the control of such employer.

(3) A subcontract made by such employer.

(4) Part of the employer's regular business entrusted to such subcontractor.

(5) An employe of such subcontractor.

*McDonald*, 302 Pa. at 295, 153 A. at 426.

The court below, and the majority, have concluded that the *McDonald* requirements have instantly been satisfied. As to the first, second, third and fifth requirements, I agree. However, the record fails to conclusively establish the fourth requirement, to wit, that Appellant entrusted a part of its regular business to the Appellee Ghrist's employer, Mar Ray, Inc.

Where, as here, a party moves for summary judgment on the ground that it is a statutory employer, and relies on a contractual obligation to sustain that status, it has the burden of proving: (a) the contractual obligation in question; (b) that its regular business consists, inter alia, of performing the work required by such contractual obligation; and (c) that part of such work was entrusted to the

subcontractor employer of the injured employee. *See e. g., Jamison v. Westinghouse Electric Corporation*, 375 F.2d 465 (3d Cir. 1967), *Stipanovich*, 210 Pa.Super. at 106, 231 A.2d at 898. Viewed as a whole, the record before us is inconclusive both as to Appellant's contractual obligation and as to whether the work entrusted to Mar Ray, Inc., *i. e.*, all the carpentry work, falls within the ambit of Appellant's regular business.

Although, the contract between Appellant and the owner of the premises, in Article 2 thereof provides:

The Contractor (Appellant) shall perform all the *work required by the Contract Documents* . . . (emphasis added)

the Contract Documents have not been made part of the record. On the other hand, Appellant did make part of the record the affidavit of its Vice-President, which states, in pertinent part:

. . . The Construction . . . required the special skill of carpenters and accordingly . . . (Appellant) entered into a sub-contract agreement with Mar Ray, Inc.

Moreover, the record contains nothing to indicate that carpentry work was a part of Appellant's regular business or that Appellant regularly employed carpenters. Resolving all doubts against Appellant, the moving party, as we must, I conclude, contrary to the view of the court below and the majority here, that the fourth *McDonald* requirement presents an issue of fact which must be presented to the trier of facts, at trial. *See e. g., Jamison*, 375 F.2d at 468.

## II.

Assuming, arguendo, that the record warranted a finding that Appellant did entrust a part of its regular business to Mar Ray, Inc. and, therefore, was entitled to statutory employer status under the *McDonald* criteria, I believe the Legislature, by means of the 1974 amendments to sections 461 and 462, essentially added a *sixth requirement* to the *McDonald* formulation which, as thereby enlarged, bars Appellant from asserting a statutory employer defense.

In undertaking an analysis of sections 461 and 462, as amended, in the context of the entire Act, we must be mindful of certain well established principles of statutory construction. A statute must be construed and applied so as to ascertain and to effectuate the legislative intent and, whenever possible, must be read consistently so as to give effect to all its provisions. Pa.Cons.Stat.Ann. tit. 1, § 1921(a) (Purdon Supp.1981–82); *Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978). If a statute contains irreconcilable provisions, special provisions shall prevail over general provisions and those last in order of date shall prevail over earlier provisions. Pa.Cons.Stat.Ann. tit. 1, §§ 1933 & 1934 (Purdon Supp.1981–82). Words which are clear and free from all ambiguity are not to be disregarded under the pretext of pursuing their spirit. Pa.Cons.Stat. Ann. tit. 1, § 1921(b) (Purdon Supp.1981–82). Finally, with specific reference to the Act, it is axiomatic that, since it was it was designed to benefit employees injured in work-related accidents, it should be liberally construed so as to achieve its remedial purpose. *Workmen's Compensation Appeal Board v. Overmyer Mold Company*, 473 Pa. 369, 374–75, 374 A.2d 689, 691 (1977); *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1976); *Billick v. Republic Steel Corp.*, 214 Pa.Super. 267, 257 A.2d 589 (1969).

Section 461 as amended,[4] reads as follows:

*A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act.* Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor.

For purposes of this subsection, a person who contracts with another (1) to have work performed consisting of (i) the removal, excavation or drilling of soil, rock or miner-

4. Pa.Stat.Ann. tit. 77 § 461 (Purdon Supp.1981–82).

als, or (ii) the cutting or removal of timber from lands, or (2) to have work performed of a kind which is a regular or recurrent part of the business, occupation, profession or trade of such person shall be deemed a contractor, and such other person a subcontractor . . . . (emphasis added) and Section 462, as amended,[5] provides:

> Any employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation of such laborer or assistant unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act. Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from another person if the latter is primarily liable therefor. . . (emphasis added)

In order to ascertain and to effectuate the legislative intent of these amendments and to give effect to all provisions of the Act as affected thereby, it is necessary to compare the foregoing provisions with the pertinent prior language of the Act.[6]

Section 462, prior to the 1974 amendment, in pertinent part provided as follows:

> . . . an employer who permits the entry, upon premises occupied by him or under his control, of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be conclusively presumed to have agreed to pay to such laborer or assistant compensation in accordance with the provisions of article three, unless the employer shall

5. Pa.Stat.Ann. tit. 77 § 462 (Purdon Supp.1981–82).

6. Prior § 461 is irrelevant to this discussion since it did not deal with statutory employers.

*post . . . a notice of his intention not to pay such compensation . . .*; any such laborer or assistant . . . shall be conclusively presumed to have agreed to accept the compensation . . . in lieu of his right of action under article two, unless he shall have given notice . . . of his intention not to accept such compensation . . . . And in such cases, where article three binds such employer and such laborer or assistant, it shall not be in effect between the intermediate employer or contractor and such laborer or assistant, unless otherwise expressly agreed. (emphasis added)

Act of June 2, 1915, as amended, Pa.Stat.Ann. tit. 77, § 462.

A comparison of former section 462, with sections 461 and 462 as amended in 1974, discloses a significant similarity. Under the former section, a general contractor was conclusively presumed to have agreed to pay compensation to his subcontractor's employees, and was therefore afforded statutory employer status pursuant to section 52 of the Act, *unless* the general contractor took all the necessary steps to manifest his intention not to pay such compensation. In those instances where the general contractor satisfied the "unless clause," by effectively rejecting elective compensation, he was liable, in an action at law, for negligent injury of a subcontractor's employee notwithstanding that the employee received compensation from his direct employer, the subcontractor. *Gallivan v. Wark Co.*, 288 Pa. 443, 136 A. 223 (1927).

In like manner, sections 461 and 462, as amended in 1974, provide that a general contractor shall be liable for the payment of compensation to employees of subcontractors *unless* the subcontractor secures the payment thereof. This language, which I consider to be clear and free of ambiguity, may not be disregarded. The legislative intent, as manifestly demonstrated thereby, mandates the conclusion that, where the subcontractor has secured the payment of compensation, the general contractor does not become liable for the payment of compensation to the subcontractor's employees. It therefore follows, logically, equitably and on the basis of well established legal precedent, that where the

"unless clause" is satisfied under sections 461 and 462 as currently drawn, the general contractor, as under former section 462, is liable, in an action at law, for negligent injury of his subcontractor's employee notwithstanding that the employee received compensation from his direct employer. Thus we have the converse of the situation under prior section 462, whereby, when the general contractor did *not* satisfy the "unless clause," the subcontractor was relieved of liability to pay compensation but retained his common law liability. *Robinson v. Atlantic Elevator Co.*, 298 Pa. 549, 148 A. 847 (1930). To paraphrase *Robinson.*

> the general contractor is relieved from paying compensation for any injury received by the subcontractor's employees in connection with the particular job under subcontract; the burden rests with the direct employer. *The general contractor, under 462, does not move a step from his common law position*

*Id.*, 298 Pa. at 553, 148 A.2d at 848 (emphasis added).

In the instant case, the record clearly demonstrates that Appellee Ghrist's employer, Mar Ray, Inc., was the subcontractor primarily liable for the payment of compensation and that it "secured its payment as provided for in this act." The Sub-Contract Agreement between Mar Ray, Inc., as "Subcontractor," and Appellant, as "Contractor," attached as an Exhibit to Appellant's Answer and New Matter, provides:

> Subcontractor to produce certificate of insurance proving Workmen's compensation and liability coverage . . .

Furthermore, Appellant's Brief in support of its motion for Summary Judgment (R. 109a) frankly acknowledges that "plaintiff (Ghrist) was paid workmen's compensation by his immediate employer, Mar Ray Construction Company."

Given the foregoing facts, and the statutory language applicable when this cause of action arose, we are compelled to conclude that Appellant was not the statutory employer of Appellee Ghrist.

The majority concedes that "rules of statutory construction require that every statute be construed, if possible, to

give effect to all of its provisions." (At 759–760). Nevertheless, it fails to give effect to the "unless clauses" in sections 461 and 462, as amended in 1974, because it seemingly finds these clauses in conflict with section 52. I respectfully disagree.

Sections 52, 461 and 462 can and ought to be read together. Such a reading, heretofore, of sections 52 and former 462, gave rise to the *McDonald* requirements. Such a reading, now, requires that a sixth requirement be added to the *McDonald* formulation:

Such subcontractor has failed to secure the payment of compensation, as provided for in the Workmen's Compensation Act, for such employe.

By thus reading sections 52, 461 and 462,[7] we give effect to all of the provisions of the Act and we exercise the requisite care in construing section 52 so as not to "casually convert it into a shield behind which negligent employers may seek refuge." *Stipanovich*, 210 Pa.Super. at 106, 231 A.2d at 898.

In reaching the opposite conclusion, the majority has relied on cases decided prior to the 1974 amendments. These cases, as explicated by Judge Barbieri in *Pennsylvania Workmen's Compensation and Occupational Disease*,[8] extended negligence immunity to statutory employers in spite of the fact that the direct employer was insured. As Judge Barbieri stated:

The reason ... cannot be found in the language of the statute, but the rationale must be that, *since the general contractor remains statutorily liable*, although in a reserve status, in return for this he has the statutory employer's immunity from statutory employe negligence suits in all events.

---

**7.** Even if, as the majority implies, §§ 461 and 462 on the one hand, and § 52 on the other, are irreconcilable, the result is the same since §§ 461 and 462 are special provisions and last in order of date and therefore prevail over § 52. Pa.Cons.Stat.Ann. tit. 1, §§ 1933 & 1934 (Purdon Supp.1981–82).

**8.** The text of this treatise was compiled prior to the 1974 amendments.

Barbieri, *supra*, vol. 1, § 4.09(3) (footnotes deleted) (citing cases) (emphasis added). This very rationale is expressly set forth in *Robinson*, 298 Pa. at 552–53, 148 A. at 848, as follows:

> The Legislature, to insure the payment of compensation to employees . . . created a contractual relation between the general contractor . . . and the employees of his subcontractors. He was made the statutory employer of all such employees . . . and was required to pay compensation for injuries to such employees . . . *The statutory employer's benefit for this burden comes from immunity from a common-law action by employees for injuries sustained in connection with the work.*

*Id.*, 298 Pa. at 552–53, 148 A. at 848 (emphasis added).

Since 1974, however, the basis for the immunity has been eliminated since the amendments specifically provide that the general contractor is not liable, *even in a reserve status*, if the subcontractor has secured the requisite payment of compensation. In enacting these amendments, our Legislature has chosen to follow those jurisdictions which do not allow general contractors, who have no liability for workmen's compensation, to escape common law liability as well. *E. g., Merritt Chapman & Scott Corporation v. Fredin*, 307 F.2d 370 (9th Cir. 1962); *Whiting v. Farnsworth & Chambers Co.*, 293 F.2d 45 (10th Cir. 1961); *Kozoidek v. Gearbulk Ltd.*, 471 F.Supp. 401 (D.Md.1979); *Ryan v. New Bedford Cordage Co.*, 421 F.Supp. 794 (D.Vt.1976).

The result effected by the 1974 amendments is sound and eminently fair. As pointed out in *Robinson, supra*, the pre-1974 immunity granted the general contractor was the benefit accorded to him for assuming the compensation burden, even if only on a reserve basis. Where, however, as under sections 461 and 462 and the instant facts, such a burden is never assumed, neither logic nor equity support a continued grant of immunity. To hold otherwise, as aptly pointed out by the trial court, is tantamount to putting a

general contractor in the position of "having its cake and eating it, too" and constitutes unwarranted judicial legislation.

### III.

Finally, Appellant contends, and the majority agrees, that by virtue of Appellant's status as statutory employer, its joinder as an additional defendant is barred by section 481 of the Act.[9] I disagree.

As noted above, and for the reasons there set forth, a general contractor, such as Appellant, relieved from liability to pay compensation to his subcontractor's employer due to the securing of same by the subcontractor, is not a statutory employer, is outside the Act and is as susceptible to joinder as any other third party.

Even if, however, the instant facts supported Appellant's claim to statutory employer status, section 481 would not bar joinder. That section provides, in pertinent part:

In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, *but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request* shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, . . .

Pa.Stat.Ann. tit. 77, § 481(b) (Purdon Supp.1981–82) (emphasis added). The words of the statute are "clear and free from all ambiguity" and they make no reference to a *statutory* employer. The majority, however, relying upon *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977) concludes that to find that a statutory employer "is not the

9. Pa.Stat.Ann. tit. 77, § 481 (Purdon Supp.1981–82).

'employer' referred to in section (481) would frustrate the legislative intent as enunciated in *Hefferin*."

I respectfully suggest that the majority misreads *Hefferin* and, as a consequence, impermissibly disregards the letter of the statute in order to "pursue its spirit." Pa.Cons.Stat. Ann. tit. 1, § 1921(b) (Purdon Supp.1981–82). *Hefferin* involved an attempt by the defendant, a third party, to join the plaintiff's *direct employer*, as an additional defendant. *No statutory employer was involved.* It was in that context that the *Hefferin* court wrote, as noted by the majority herein:

> The Supreme Court has made it clear that the purpose of ... section [481(b)] of the Act was to ... close to ... third parties any recourse against the *employer* in tort for negligence.

*Id.*, 247 Pa.Super. at 369, 372 A.2d at 871 (emphasis added). To extend section 481 to apply to a statutory employer serves only to compound the inequities thereof.[10] I do not believe its clear language necessitates, nor even justifies, such a result.

In order to find refuge with section 481, Appellant must establish that it was Appellee Ghrist's *employer*, since it obviously cannot come within any other of the therein enumerated categories granted immunity from liability to a third party.

To determine whether Appellant can successfully claim to be Ghrist's employer, we look to the Act in its entirety, since we are constrained to give effect to all its provisions. Pa. Cons.Stat.Ann. tit. 1, § 1921(a) (Purdon Supp.1981–82). In so doing, we find that the Act defines "employer" as follows:

**10.** The potential for inequity encompassed within section 481 has caused at least one member of our Court to urge its reconsideration by the Legislature. *See Arnold v. Barbonus*, 257 Pa.Super. 110, 115, 390 A.2d 271, 273 (1978) (Spaeth, J., concurring and dissenting). I share Judge Spaeth's disaffection with § 481 and therefore am unwilling to extend its operative effect further than its language, strictly construed, expressly requires.

The term "employer," *as used in this act,* is declared to be synonymous with master . . .

Pa.Stat.Ann. tit. 77, § 21 (emphasis added). This Court, in considering the foregoing definition, has stated.

The Workmen's Compensation Act, 77 P.S. §§ 21, 22, declares the terms "employer" and "employee", as there used, to be synonymous with "master" and "servant." The relation of master and servant exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct both what work shall be done, and the way and manner in which it shall be done.

*Rodgers v. P–G Publishing Co.,* 194 Pa.Super. 207, 166 A.2d 544, 546 (1961). *See also Coleman v. Board of Education,* 477 Pa. 414, 421–22, 383 A.2d 1275, 1279 (1975); *Frederico Granero Co. v. Workmen's Compensation Appeal Board,* 43 Pa.Cmwlth. 308, 402 A.2d 312 (1979).

As the Court of Appeals for the Third Circuit, relying upon *Zimmer v. Casey,* 296 Pa. 529, 146 A. 130 (1929), has appropriately noted:

. insofar as the employment relationship is concerned, the (Pennsylvania Workmen's Compensation Act) must be liberally construed in order to effectuate its remedial purpose, but its scope cannot be extended in a manner which would destroy either the employee's common-law rights against third persons or the common-law conception of third persons. . . . The essence, indeed the very legislative definition, of the employer-employee status is the master-servant relationship.

*Mays v. Liberty Mutual Insurance Company,* 323 F.2d 174, 177 (3d Cir. 1963) (citation omitted).

The instant record fails to disclose any factual basis for finding that Appellant was the employer of Appellee Ghrist. There is, therefore, no legal impediment to the joinder of Appellant as an additional defendant.

I would therefore affirm the trial court's denial of Appellant's Motion for Summary Judgment.