J-A17003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| TROY WHITE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SC REHAB AND NURSING CENTER, | : | No. 2399 EDA 2022 |
| LLC A/K/A D/B/A SOMERTON | : | |
| CENTER AND 650 EDISON AVENUE | : | |
| OPERATIONS SOMERTON CENTER | : | |
| NURSING AND REHABILITATION CTR | : | |
| A/K/A D/B/A SOMERTON CENTER | : | |
| A/K/A DBA | : | |

Appeal from the Order Entered August 29, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210101497

BEFORE:  KING, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:　　　　　**FILED AUGUST 10, 2023**

In this premises liability action, Troy White (White) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) granting summary judgment in favor of SC Rehab and Nursing Center, LLC a/k/a d/b/a Somerton Center, *et al* (Somerton) and dismissing his negligence claim. White was injured while working in a nursing home operated by Somerton, which had, in turn, contracted with White's employer to provide janitorial services.  The trial court found merit in Somerton's claim that it was immune

---

[*] Retired Senior Judge assigned to the Superior Court.

from liability under Pennsylvania's Workers' Compensation Act (the Act) because of its status as White's "statutory employer" at the time he was injured. We now affirm on that same ground.

**I.**

On the day in question, White was working as a janitor at a nursing home operated by Somerton. This premises was not owned by Somerton; rather, Somerton controlled the property pursuant to a lease with another entity who is not a party in this case.

While on a break during a shift, White allegedly fell from a toilet seat that had not been properly fastened, sustaining injuries that required medical treatment. He subsequently received workers' compensation benefits from his direct employer, the janitorial services company, Serene Health Services (Serene), which had been hired by Somerton.

White filed suit against Somerton, alleging that his damages resulted from Somerton's negligence in maintaining the bathroom where he was injured. Somerton filed a motion for summary judgment, contending that White's claim must be dismissed because Somerton was his "statutory employer" under the Act. Alternatively, Somerton asserted that it should prevail as a matter of law because White had produced no evidence that it had actual or constructive knowledge of a defect in the bathroom White was injured in.

The trial court granted summary judgment for Somerton, agreeing with its contention that the negligence claim against it was barred due to its status as a statutory employer. Summary judgment was therefore granted in favor of Somerton and White's claim was dismissed. The trial court did not address the issue of notice of the alleged defect. White filed a motion for reconsideration and it was denied.

White timely appealed and the trial court submitted a 1925(a) opinion giving the reasons why its order granting summary judgment should be upheld. *See* 1925(a) Opinion, 3/3/2023, at 7-11. In his brief, White now argues that the trial court erred because Somerton was not entitled to immunity under the Act as a statutory employer. Somerton responds that it qualifies for immunity and that, regardless, this Court should affirm on the alternative ground that Somerton cannot be liable for White's injury because it lacked notice of any defect in the toilet seat that White fell from.

## II.

The central dispute in this appeal concerns the definition of "statutory employer" under the Act. The trial court dismissed White's negligence claim against Somerton based upon its finding that Somerton qualified as White's statutory employer, making it immune from liability. White argues that the trial court erred in making that determination because, as a matter of law, Somerton was not his statutory employer.

On review of an order granting summary judgment, our standard of review is the same as that applied by the trial court. *See Gerber v. Piergross*, 142 A.3d 854, 858 (Pa. Super. 2016); *see also* Pa.R.Civ.P. 1035.2. This Court may only reverse the entry of summary judgment if it finds that the trial court erred in determining that the case presents no genuine issue of material fact, and that the prevailing party is entitled to judgment as a matter of law. *See Gerber*, 142 A.3d at 858. The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *See id*. As this inquiry is purely a matter of law, our review is *de novo. See id*.

Liability of an employer under the Act is the exclusive means of remedy for an injured employee, and an employer who is liable for an employee's injury under the Act is otherwise immune from suit. *See* 77 P.S. § 481. Even where a party is not a direct or actual employer of an employee, the Act may still afford immunity in certain circumstances. That is, the Act recognizes that an "employer" may also refer to a "statutory employer" who is "not a contractual or [a] common-law one, but is made [an employer] by the [Act]." *Shamis v. Moon*, 81 A.3d 962, 969 (Pa. Super. 2013). The Act explains the obligations of a statutory employer as follows:

> Any employer who permits entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that

employe or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured payment thereof as provided for in this [A]ct[.]

77 P.S. § 462.

Elsewhere in the Act, it is made clear that a statutory employer has the same rights and obligations as a contractual or common-law employer:

An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, **shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employee**.

77 P.S. § 52 (emphasis added).

To clarify the definition of a statutory employer, our Supreme Court has developed a test consisting of five elements:

(1) An employer who is under contract with an owner or one in the position of an owner.

(2) Premises occupied by or under the control of such employer.

(3) A subcontract made by such employer.

(4) Part of the employer's regular business entrusted to such subcontractor.

(5) An employee of such subcontractor.

***Cranshaw Construction, Inc. v. Wolk***, 434 A.2d 756, 757 (Pa. Super. 1981) (quoting ***Nineteen North, Inc. v. Workmen's Compensation***

*Appeal Board*, 409 A.2d 503, 504 (Pa. Cmwlth. 1979)); *see also McDonald v. Levinson Steel Co.*, 153 A. 424, 426 (Pa. 1930) (same).

"The classic statutory employer situation is in the construction industry, where a property owner hires the general contractor, who hires a subcontractor to do specialized work on the jobsite, and an employee of the subcontractor is injured in the course of his employment." *Peck v. Delaware County Bd. Of Prison Inspectors*, 814 A.2d 185, 189 (Pa. 2002). "Under this test, an entity cannot serve in the dual capacity as 'owner' and 'employer.'" *Id*. at 190; *see also McDonald*, 153 A. at 426 ("[A]n owner is not a statutory employer.").

In the present case, White contends that Somerton cannot satisfy the first of the above elements because it was the "owner" of the nursing home being operated on the premises. According to White, Somerton's operation of the nursing home and status as a business "owner" precludes it from also being considered an "employer," thereby also precluding Serenity from being Somerton's "subcontractor" for the purposes of the Act. Accordingly, this appeal hinges on the definition of "owner" and whether, as White suggests, it *only* refers to the owner of the business (or general contractor) operating on the premises, to the exclusion of the *owner of the property* being occupied.

We find White's argument unpersuasive because it is inconsistent with a plain reading of the Act[1] and our controlling decisional law. ***See Dougherty v. Conduit & Foundation Corp.***, 674 A.2d 262, 265 (Pa. Super. 1996) ("These elements [of a statutory employer] have been strictly construed by our appellate courts."). It is undisputed that in order to operate its nursing home business, Somerton leased the premises from the owner of the property. This contract gave Somerton control of the premises, putting it "in the position of an owner." Neither the Act nor this Court's definition of a statutory employer conflate a business owner and a property owner as White suggests. In fact, our decisional law distinguishes an "owner" from an "employer" in part by the fact that the employer controls and occupies the premises by virtue of its contract with the property owner. ***See Cranshaw***, 434 A.2d at 757; ***see also Peck***, 814 A.2d at 191 (affirming finding that party was not a statutory employer because of a lack of a contract between the party and the property owner).

There is no dispute here that Somerton controls and occupies the subject premises pursuant to a lease. Somerton therefore satisfied the first two of the above elements of a statutory employer because its contract put it

---

[1] Statutes must be construed so as to give effect to all of its provisions, and when "the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(a)-(b).

in the position of the owner of the property. Contrary to White's claims, Somerton was not an "owner" for the purposes of the Act due to it being the owner of a business operating on the premises. Rather, as an employer, Somerton subcontracted with a janitorial company, Serene, who hired White to provide janitorial services. This made Serene a "subcontractor" of Somerton, satisfying the third and fourth above elements.

Finally, White was indisputably an employee of the subcontractor, Serene, satisfying the fifth and final element, and qualifying Somerton as a statutory employer of White.

For these reasons, the trial court did not err in determining that Somerton qualified as a statutory employer of White as a matter of law.[2] We therefore find no basis to disturb the trial court's order granting summary judgment. Having resolved this appeal by finding no merit in White's claims,

_____

[2] In his brief, White argues that Somerton was not a statutory employer, a common-law employer or a contractual employer because it did not supervise or control the manner in which White did his job at the time he was injured. However, as explained in the trial court's 1925(a) opinion, Somerton's supervision or control over White's manner of work is irrelevant insofar as its status as a statutory employer is governed by the elements of the term's definition. *See e.g.*, *Cranshaw Construction, Inc. v. Wolk*, 434 A.2d 756, 757 (Pa. Super. 1981). Somerton indisputably had control over the premises, satisfying the second element of the statutory employer test, and Somerton hired Serenity to provide janitorial services at a nursing home it operated, thereby "entrusting" Serenity with a part of its regular business and satisfying the fourth element. The degree to which Somerton supervised or directed the work of Serenity's staff would only be germane to whether Somerton had control of the premises, *see generally Dougherty v. Conduit & Foundation Corp.*, 674 A.2d 262, 265 (Pa. Super. 1996), but that fact is undisputed here.

it is unnecessary for this Court to reach the merits of Somerton's alternative grounds for affirmance.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *8/10/2023*