Robinson *v.* Atlantic Elevator Co., Appellant.

Argued November 29, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Ralph N. Kellam,* with him *J. Webster Jones,* for appellant.——Judgment n. o. v. should have been entered for defendant.

We call attention to the fact that there is no opinion in Pennsylvania nor is there any provision of the Pennsylvania Workmen's Compensation Act which stands in the way of a finding such as appellant in this case is

asking. See also Catalano v. Watts, 255 Mass. 605; Bindbeutel v. Willcutt & Sons, 244 Mass. 195.

*William T. Connor,* with him *John R. K. Scott,* for appellee, cited: Gallivan v. Wark Co., 288 Pa. 443; Byrne v. Hitner's Sons Co., 290 Pa. 225; Zimmer v. Casey, 296 Pa. 529; Turner v. Robbins, 276 Pa. 319; McKnight v. Kresge, 285 Pa. 489.

OPINION BY MR. JUSTICE KEPHART, January 6, 1930:
. The principal or general contractor who sublets part of his work, must carry compensation insurance for his own employees, and for the employees of his subcontractors, under articles II and III of the Workmen's Compensation Act, unless he refuses to be bound by section 302-(b) of the act. When he refuses, he must respond in damages, under the common law liability as enlarged by article II, for any injury to a subcontractor's employee through the negligence of his servants: Gallivan v. Wark, 288 Pa. 443. The fact that he may be bound by section 302(a) to pay compensation to his own employees will not alter this liability.

The principal contractor may (by not rejecting) accept section 302(b) of the Compensation Act and by so doing become the statutory employer of the subcontractor's employees for compensation purposes. He may then make an agreement with the subcontractor for the latter to carry insurance for his own employees. By so doing, the principal contractor is relieved from paying compensation only when it is determined the subcontractor and his insurance carrier are "responsible and actually pay" the compensation. The principal or general contractor is brought into the act for the purpose of securing to the subcontractor's employees compensation for injuries; he is in that position when liability for compensation arises, and remains so until responsibility and payment is determined. The board will enforce agreements with subcontractors, and the first to respond in

payment is the subcontractor; if neither he nor his carrier is able to respond, then the principal contractor must pay: Byrne v. Hitner Sons Co., 290 Pa. 235. The general contractor cannot be sued in a common law action by any employee in, upon or about the premises where there is an agreement with the subcontractor that the latter shall carry compensation insurance; the continuing statutory relations imposed by the act forbids it: Swartz v. Conradis, 298 Pa. 343.

May an employee of the principal or general contractor sue the subcontractor for the negligence of his servant which occasioned an injury? This is the question in the present case. Generally speaking, the Compensation Act takes hold of the relation of employer and employee and imposes on it a contract covering compensation to employees for injuries while at work. It applies generally to all employers of labor. Such employers and employees are specifically covered by section 302(a) providing for liability.

The legislature, to insure the payment of compensation to employees and to prevent fraud or imposition, took hold of situations where different contractors are engaged about a piece of work under a general contractor, and created a contractual relation between the general contractor of such work and the employees of his subcontractors. He was made the statutory employer of all such employees permitted to enter the premises occupied by him, or under his control, and was required to pay compensation for injuries to such employees. This step is a departure from the general conception of workmen's compensation, which deals with the real employer and his employee. It takes a group of employees away from their real employer and places them under a statutory employer for the purpose of securing compensation for injuries. The statutory employer's benefit for this burden comes from immunity from a common law action by employees for injuries sustained in con-

nection with the work. It may be slight, but it is enough.

When the general contractor thus becomes the statutory employer of a subcontractor's employees, the subcontractor is relieved from paying compensation for any injury received by his own employees in connection with the particular job under subcontract; the burden rests with his statutory employer. The subcontractor under section 302(b) does not move a step from his common law position,—the act plainly states: "Where article three binds [the statutory employer].......and [the subcontractor's employees] it shall not be in effect between the intermediate (subcontractor) and [such] laborer" or employee. Article III is the driving force of the act. In such situation, the subcontractor need not pay compensation to his own employee; now he contends he should not pay damages to an employee of the general contractor for injuries occasioned through the negligence of his servants. Unfortunately for him, section 303, which relieves employers of their common law liability for damages, does not embrace him. It says "such agreements shall operate as a *surrender by the parties thereto* of their rights" to damages; the subcontractor was never a "party thereto" with the employee of the general contractor; there never was any contractual relation, statutory or otherwise, between them. They were just as independent of one another, as were the parties in Zimmer v. Casey, 296 Pa. 529, which involved two servants of the same master.

It is urged that the subcontractor may be liable in an action for damages to his own employees through the negligence of a coemployee, or in failing to provide a safe place in which to work, etc. That may be true,— we do not decide it,—but it offers a good reason for the subcontractor to take advantage of section 302(b) and "otherwise expressly agree" to carry insurance for his own employees; by so doing, this liability may be avoided.

But even if the subcontractor takes out insurance for his own employees, there is not a single line in the Compensation Act which brings the employee of the principal contractor in any relation, contractual or otherwise, with the subcontractor or his employees. As stated in Gallivan v. Wark, "Suppose the principal contractor has accepted the act for its own employees, which it did, and one of its employees is injured in the course of employment through the negligence of an employee of the subcontractor. Is the servant of the principal contractor anywhere, under the provisions of this act, denied relief at common law against the subcontractor as an independent contractor?" In Zimmer v. Casey we analyzed these various relations. Here we have the exact situation except that the servant injured is employed by the general contractor. A subcontractor may be defined by the Compensation Act as an intermediate contractor or employer whose employees enter upon the premises occupied by the employer, or under his control, for the performance of part of the employer's regular business entrusted to such contractor; and, where his servants injure the servants of a principal contractor, or the servants of another contractor, he is liable in damages for their negligence. This is the principle of Gallivan v. Wark; Byrne v. Hitner Sons Co.; Zimmer v. Casey, and other cases. There is no doubt the subcontractor would be liable to an employee of the principal contractor at common law: Turner v. Robbins, 276 Pa. 319, 323.

Judgment of the court below affirmed.