## Capozzoli, Admx., Appellant, *v.* Stone & Webster Engineering Corporation.

Argued April 9, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Edward W. Furia,* for appellant.

*Michael A. Foley,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, May 21, 1945:
This is an action in trespass by Rose Capozzoli, administratrix of the estate of Joseph Capozzoli, against

Stone & Webster Engineering Corporation, appellee, to recover damages for the death of her husband, Joseph, occasioned by the negligence of one of appellee's employees. Appellee filed an affidavit of defense raising questions of law, averring that appellee was decedent's statutory employer. This appeal is from the order of the court below sustaining the affidavit of defense and entering judgment for appellee.

On March 16, 1944, Joseph Capozzoli was employed by P. C. Hull, subcontractor of the Publicker Commercial Alcohol Company. P. C. Hull had contracted to erect a salt extractor for Publicker. At the same time and on the same premises Stone & Webster Engineering Corporation, appellee, was building a furnace, the contract for which work had been secured from Publicker. All the men engaged in the erection of the said furnace were employees of the appellee. Capozzoli, while acting in the course of his employment, was struck by a steel plate which one of appellee's employees had negligently permitted to fall from an overhead scaffold.

Appellant averred that appellee corporation was engaged in the dual capacity of agent for Publicker and as a subcontractor to contract with P. C. Hull and others for the performance of various types of services and supplies necessary for the completion of a synthetic rubber plant on Publicker's premises at Cornwall.

Attached to and made a part of the statement of claim was a contract dated December 13, 1943, between "Publicker Commercial Alcohol Company, Stone & Webster Engineering Corporation, agents and P. C. Hull." This agreement between appellee, therein referred to as purchaser", and P. C. Hull, referred to as "subcontractor", set forth in detail the respective rights and duties. Hull was to complete the work in accordance with plans and specifications prepared or approved by appellee. Appellee had the right to increase or decrease and to change or alter the quantity or nature of the

work; could grant an extension of time for completion of the work; could, for just cause, cancel the contract; and, could reject any defective work and discharge any of Hull's employees whom it decided was incompetent. Hull undertook to indemnify appellee, as well as Publicker, for the liens of labor, material, men and mechanics; defend all suits against appellee and Publicker or either of them for patent infringements; repair any defect without cost to appellee; give notice to appellee of any shipment of material; carry workmen's compensation insurance; secure insurance indemnifying appellee or himself against any damage to the tower under construction by him; and, replace and repair any damaged work to the satisfaction of appellee.

Appellant contends that the clear averment "that under the terms, conditions, and agreements entered into between the Publicker Alcohol Company and Stone & Webster Engineering Corporation and P. C. Hull, the Publicker Alcohol Company was the general contractor, and the Stone & Webster Engineering Corporation acted merely as agent for the Publicker Alcohol Company" has removed any doubt which may arise from contradictory and equivocal language used in the contract regarding the true relationship of the parties.

There is no averment that any of the parties have rejected the provisions of Article III of the Workmen's Compensation Act. That article is, therefore, applicable to the employer of the decedent and by virtue of Section 302(b) of the said Act of 1915, as amended by the Act of 1939, P. L. 520, 77 P. S. 462, becomes binding upon a statutory employer if one exists.

Determination of the existence of the statutory employer-employee relationship between appellee and the decedent depends upon a proper construction of the terms of the contract between Hull and appellee. "Courts will not be controlled by the nomenclature the parties apply to their relationship": *Kelter, Tr., v. American*

*Bankers Finance Co.,* 306 Pa. 483, 492. In *Smith-Faris Company v. Jameson Memorial Hospital Association,* 313 Pa. 254, 260, it was said: " 'Neither the form of a contract nor the name given it by the parties controls its interpretation. In determining the real character of a contract courts will always look to its purpose, rather than to the name given it by the parties. . . . The proper construction of a contract is not dependent upon any name given it by the parties, or upon any one provision, but upon the entire body of the contract and its legal effect as a whole': 6 R. C. L., page 836, section 226."

Consideration of the contract and the respective rights and duties created thereby clearly show the relationship of Stone & Webster Engineering Corporation, appellee, and employees of P. C. Hull to be that of employer and employee within the meaning of Section 302(b) of the Workmen's Compensation Act, as amended.[1] The specific allegation in the appellant's statement of claim [2] cannot be taken as verity. By incorporating the terms of the contract into paragraph 8 of the statement of claim appellee has shown that the basis of the said contract is inconsistent with the averment of fact. An allegation of fact which is an interpretation of a contract cannot be taken as verity when the contract itself is made a part of the statement of claim, and establishes such interpretation to be erroneous.

The pleadings, having established a statutory employer-employee relationship, preclude recovery by a common law action against such employer. The parties

---

[1] Act of 1915, P. L. 736, section 302(b), as amended by the Act of 1939, P. L. 520, 77 P.S., section 462.

[2] "9. That under the terms, conditions, and agreements entered into between the Publicker Commercial Alcohol Co. and Stone & Webster Engineering Corp. and P. C. Hull, the Publicker Commercial Alcohol Co. was the general contractor and the Stone & Webster Engineering Corp. acted merely as agent for the said Publicker Commercial Alcohol Co."

are thus bound by the terms of Article III of the Workmen's Compensation Act, there having been no rejection of said act by either employer or employee: *Jackson v. Gleason*, 320 Pa. 545, 546; *Gallivan v. Wark Co.*, 288 Pa. 443, 449-450. Nor is it material that Hull undertook to provide workmen's compensation insurance for his employees. Such agreement does not operate to remove the statutory employer from the scope of Article III of the Workmen's Compensation Act even though it may operate to relieve such employer from payment of compensation by placing that responsibility upon the subcontractor: *Byrne v. Hitner's Sons Co.*, 290 Pa. 225, 236; *Swartz v. Conradis*, 298 Pa. 343, 347.

The judgment is affirmed.