# Miller v. General Steel Castings Corporation et al.

*Clarence G. Smedley,* for claimant.
*Theodore Smithers,* for defendant.

ERVIN, J., November 20, 1945.—This is an appeal from the decision of the Workmen's Compensation Board. It is a companion case to Miller v. Clendening et al., no. 23, June term, 1945, in which an opinion is being filed today. Claimant's decedent died on November 20, 1943, as a result of a premature explosion

of a charge of dynamite. The accident occurred at the plant of the General Steel Castings Corporation, Chester, Delaware County, Pennsylvania, hereinafter called "corporation". It was the custom of the corporation to engage one Leo J. Clendening periodically to remove slag from its furnaces. Clendening came to the conclusion that this work could be done more quickly by the use of dynamite. He therefore went to Miller, claimant's decedent, who held a dynamiter's license, and Miller agreed that this could be done. Accordingly, the next time that Clendening was engaged to remove the slag he obtained permission from the corporation's safety engineer and took Miller to the plant. Another employe of Clendening had prepared the surface for the dynamite and Miller was about to use six sticks of dynamite for the charge when Clendening stated the charge was too heavy and that four sticks should be enough. He therefore picked up two sticks and carried them away. However, the dynamite exploded prematurely and Miller was killed.

Claimant filed two separate petitions, one against Clendening and the other against the corporation. Both cases were assigned to Referee Sheldrake and heard together. The referee found that Clendening was an independent contractor and that Miller was his employe. Accordingly, he awarded compensation against Clendening and dismissed claimant's petition against the corporation. Clendening took an appeal to the Workmen's Compensation Board and, as a matter of protection, claimant then appealed the dismissal of her petition again the corporation. Again the cases were argued together and the board affirmed the award against Clendening but reversed the referee in the corporation's case and made a similar award in claimant's favor against it on the theory that it was a "statutory employer". Both defendants appealed to this court.

The liability of a statutory employer was established by section 203 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520, §1, 77 PS §52. This provides as follows:

"An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe."

Section 302(b) of that act, as amended, 77 PS §462, further provides:

"After December thirty-first, one thousand nine hundred and fifteen, an employer who permits the entry, upon premises occupied by him or under his control, of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to that employe or contractor, shall be conclusively presumed to have agreed to pay to such laborer or assistant compensation in accordance with the provisions of article three, unless the employer shall post in a conspicuous place, upon the premies where the laborer's or assistant's work is done, a notice of his intention not to pay such compensation, and unless there be filed with the department within ten days thereafter, a true copy of such notice, together with proof of the posting of the same, setting forth upon oath or affirmation the time, place, and manner of such posting; and after December thirty-first, one thousand nine hundred and fifteen, any such laborer as assistant who shall enter upon premises occupied by or under control of such employer, for the purpose of doing such work, shall be conclusively presumed to have agreed to accept

the compensation provided in article three, in lieu of his right of action under article two, unless he shall have given notice in writing to the employer, at the time of entering upon such employer's premises for the purpose of doing his work, of his intention not to accept such compensation, and unless within ten days thereafter, there shall have been filed with the department a true copy of such notice, accompanied by proof of service thereof upon such employer, setting forth under oath or affirmation the time, place, and manner of such service. And in such cases, where article three binds such employer and such laborer or assistant, it shall not be in effect between the intermediate employer or contractor and such laborer or assistant, unless otherwise expressly agreed."

In Gallivan v. Wark Co., 288 Pa. 443, Mr. Justice Kephart traced the history and reason for these provisions and expressly held that under the act only one employer can be called on to pay elective compensation. This case was followed by Byrne v. Hitner's Sons Co., 290 Pa. 225, which reiterated a ruling that only one employer is required to pay compensation under the act and stated that the question involved in cases of this kind was which employer was responsible. It was pointed out that under the act the statutory employer was held primarily responsible but went on to say at page 232:

"This responsibility may be avoided, but, if it is, it can be done only in one of the two methods pointed out by the act. First, the statutory employer may reject article III by posting notices. While, by so doing, the principal contractor, the statutory employer, is relieved under article III of paying compensation, he is turned back to other phases of the act as to damages; but this rejection automatically brings the real employer, the subcontractor, into the picture. Second, he may enter

into an agreement as contemplated in section 302($b$), which will be discussed later.

"When the statutory employer accepts article III and agrees to pay compensation to the subcontractor's employes for injuries received in the course of employment, he meets all conditions imposed by the State. He agrees to become what might be called a quasi guarantor for compensation to employes injured while working on the premises under a contract which has relation to a general contract in which he is principal. But he should not be punished because he has agreed to do this; the act does not require that under all circumstances he must pay compensation to all injured employes who may be engaged on premises occupied by him or under his control, without regard to the relief offered by the act against the real employer. It is true that when the statutory employer accepts article III, the subcontractor is relieved of liability; but this is only 'unless otherwise expressly agreed'. It was not intended that the statutory employer should, at all times, pay the compensation when allowable.

"The proviso of article III reads: 'Where article III binds such (statutory) employer and such laborer . . . , it shall not be in effect between the intermediate employer or contractor and such laborer . . . unless otherwise expressly agreed (between the statutory employer and the subcontractor).' This is the second means by which the statutory employer may avoid paying compensation. 'Where article III binds such (statutory) employer', it means that under section 302($b$) the statutory 'employer agrees to pay to such laborer compensation (under article III)'. The proviso has reference primarily to those who may become liable for compensation, in this case the statutory employer, and the real employer, the subcontractor. The agreement contemplates the payment of compensation. But when the subcontractor and the statutory employer

agree that the subcontractor shall carry compensation insurance for his own employes it is in effect an agreement that the subcontractor will pay his employes the compensation due under the provisions of article III. When, in pursuance of that agreement, the subcontractor has taken out insurance, or is otherwise legally responsible, the State no longer has use for the statutory employer under section 203."

At this point in the opinion it appeared that the mere fact that the statutory employer required the subcontractor to carry compensation insurance in itself would relieve him from liability, but later in the opinion, at page 235, the court said:

"It appears that the Hitner Co., the subcontractor, has in fact taken out and kept in force the required insurance. Under these circumstances, compensation must be paid by the Hitner Co., and, when this is done, the responsibility of the general contractor (the statutory employer under section 203) is at an end."

It will thus be seen that the real decision of the case was that it is only after the compensation is actually paid that the statutory employer's responsibility terminates. This interpretation was squarely held in Robinson v. Atlantic Elevator Co., 298 Pa. 549, where the court said on page 551:

"The principal contractor may (by not rejecting) accept section 302(b) of the Compensation Act and by so doing become the statutory employer of the subcontractor's employes for compensation purposes. He may then make an agreement with the subcontractor for the latter to carry insurance for his own employes. By so doing, the principal contractor is relieved from paying compensation only when it is determined the subcontractor and his insurance carrier are 'responsible and actually pay' the compensation. The principal or general contractor is brought into the act for the purpose of securing to the subcontractor's employes

compensation for injuries; *he is in that position when liability for compensation arises, and remains so until responsibility and payment is determined."* (Italics supplied.)

In the present case we can take judicial notice that both the General Steel Castings Corporation, the statutory employer, and Clendening, the subcontractor, carry workmen's compensation insurance because their respective insurance carriers are prosecuting the present appeals. In an opinion filed today we have dismissed the appeal of Clendening and his insurance carrier so that the award which claimant obtained against them remains unaffected. It is, therefore, apparent that claimant is protected for all payments which are due her at the present time. However, under the award she will be entitled to periodic payments for some time in the future and until that period has expired and the compensation actually paid the responsibility of the statutory employer is not terminated. There is no doubt, however, that the statutory employer should not be called upon to pay until such time, if ever, when Clendening or his insurance carrier should be unable to make the payments. We, therefore, must affirm the award against the corporation but will prohibit execution thereon so long as Clendening or his insurance carrier meet their obligations.

According to the provisions of section 427 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §878, as amended by the Act of May 27, 1943, P. L. 691, sec. 1, when the court affirms an award:

". . . the court shall enter judgment for the total amount stated by the award or order to be payable, whether then due and accrued or payable in future instalments."

This section was thoroughly considered in Graham v. Hillman Coal & Coke Co., 122 Pa. Superior Ct. 579. The award in the present case was $11 per week, beginning November 27, 1943, for a period of 300 weeks,

a total of $3,300, plus $200 for funeral expenses. Accordingly, we must enter judgment in favor of claimant and against defendants in the sum of $3,500. When the final payment is made on behalf of Clendening, the statutory employer may present a petition to have this judgment marked satisfied.

### Order

And now, to wit, November 20, 1945, it is ordered and decreed that the award by the Workmen's Compensation Board in favor of claimant, Annie L. Miller, and against General Steel Castings Corporation and American Mutual Liability Insurance Company, be and the same is hereby affirmed.

Judgment is hereby entered in favor of claimant, Annie L. Miller, and against defendants, General Steel Corporation and American Mutual Liability Insurance Company, in the sum of $3,500.

It is further ordered and decreed that no execution issue on this judgment until further order of the court.