456 A.2d 595

**Eugene J. BROZZETTI and Carolyn L. Brozzetti**

v.

**HEMPT BROTHERS, INC.**

v.

**PADDOCK POOL BUILDERS, INC.**

**Appeal of HEMPT BROTHERS, INC.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1981.

Filed Feb. 11, 1983.

Petition for Allowance of Appeal Denied Oct. 11, 1983.

Thomas E. Brenner, Harrisburg, for appellant.

John B. Mancke, Harrisburg, for appellees.

Before BROSKY, WIEAND and MONTEMURO, JJ.

BROSKY, Judge:

Appellee Paddock Pool Builders, Inc. was the employer of Eugene J. Brozzetti who was injured during the course of

his employment. Mr. Brozzetti commenced this action to recover damages from appellant, Hempt Brothers, Inc., alleging that his injuries were caused by the negligence of one of Hempt Brothers' employees. Hempt Brothers then joined Paddock Pool Brothers, Inc. as an additional defendant. The lower court granted preliminary objections filed by appellee and dismissed the complaint as to Paddock on the grounds that as Brozzetti's employer Paddock was immune from joinder by virtue of Section 303(b) of the Pennsylvania Workmen's Compensation Act.[1] The sole issue for our review is whether, despite Section 303's grant of immunity, employers can still be joined in order to apportion negligence in accordance with the Pennsylvania Comparative Negligence Act.[2] Because we conclude that we must find such joinder impermissible, we affirm.

Section 303 of the Workmen's Compensation Act provides:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in Section 301(c)(1) and (2) or occupational disease as defined in Section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly pro-

1. Act of December 5, 1974, P.L. 782, No. 263; 77 P.S. § 481.

2. Act of April 28, 1978, P.L. 202, No. 53, § 10(89) as *amended;* 42 Pa.C.S.A. 7102.

vided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

In *Heckendorn v. Consolidated Rail Corporation*, 293 Pa.Super. 474, 439 A.2d 674, 675 (1981), we explained that this section has been interpreted by our courts as prohibiting a defendant whose negligence is alleged to be responsible for an injury suffered by an employee protected by the Workmen's Compensation Act from joining the employer as an additional defendant. See also: *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980); cf. *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977).

As we noted in *Arnold v. Borbonus*, 257 Pa.Super. 110, 114, 390 A.2d 271, 273 (1978), "[T]he 1974 amendment to § 303(b) manifests a broad legislative intent to bar the joinder of an employer as an additional defendant."

Appellant urges that this rule should not be applied where, as here, the original defendant seeks to join the employer for comparative negligence purposes. Appellant contends that the negligence of one of Paddock Pool's employees contributed to the accident and that Paddock should be joined to facilitate an apportionment of the causal negligence among the defendants. The same issue was recently presented to our court in *Kelly v. Carborundum*, 307 Pa.Super. 361, 453 A.2d 624 (1982), in which we found such joinder impermissible.

We relied upon *Heckendorn*, supra, in our recent decision in *Kelly* and reaffirm our position today.[3]

In reaching our conclusion in *Kelly*, supra, we rejected the argument, also made in this case, that injustice will result if only the third party remains a defendant, since he may have to pay more than his proportionate share of the

---

**3.** But see *Pennsylvania Supreme Court Review, 1980,* 34 Temple Law Quarterly 729–741, (1981), in which the *Hefferin* and *Tsarnas* decisions are criticized. The article suggests that Section 303 need not and should not preclude joinder of employers for comparative negligence purposes.

loss. We said, "This argument is not persuasive. The law does not now and never has required that all possible tortfeasors be made parties to an action." 307 Pa.Superior 367, 453 A.2d at 627–628. If an employer accepts the responsibility of paying workmen's compensation benefits, his negligence is no longer a factor.

Similarly, we must reject appellant's suggestion that we permit joinder of the employer as an involuntary plaintiff pursuant to Pa.Rule of Civil Procedure 2227.

In *Kelly*, we discussed this alternative and concluded,

To summarize, Pa.R.C.P. 2227 permits compulsory joinder of persons having a joint interest in the subject matter of an action and without whose joinder the action cannot substantively proceed. An employer has no direct interest in and is not an indispensable party to a common law tort action commenced by an employee against a third party. The compulsory joinder of an employer as an involuntary plaintiff in his employee's third party action, therefore, is not procedurally authorized.

Joinder of the employer for purposes of determining fault, if any, is also improper substantively. It is barred by Section 303 of the Workmen's Compensation Act as previously interpreted by both the Supreme and Superior Courts. (At n. 12.) [4]

We must also reject the other arguments made by appellant.

■ Hempt contends that Section 303(b) violates the Equal Protection Clause of the Fourteenth Amendment. In *Tsarnas*, supra, our Supreme Court specifically denied such a challenge.

Hempt also argues that Section 303(b) violates Article III, Section 3 of the Pennsylvania Constitution which provides:

4. We noted in *Heckendorn* that a common pleas court has permitted the joinder of the employer as an involuntary plaintiff. However, we said that the negligence of an employer who accepts the responsibility of paying workmen's compensation benefits, *is no longer a factor.* Given this holding, we cannot find the employer a proper party; certainly he is not "a person who must be joined as a plaintiff."

No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compelling the law or a part thereof.

The argument is that the title to the Workmen's Compensation Act does not provide notice that the legislation affects third party rights to contribution or indemnity from the employer. We do not agree.

The bill was entitled in relevant part:

Amending the act of June 2, 1915 (P.L. _____, No. 338), entitled, as amended, "An act defining the liability of an employer to pay damages for injuries received by an employee in the course of employment, ...

We believe it is clear that the questions of contribution and indemnity fall under the above quoted topic.

Order affirmed.