469 A.2d 256

**John P. BARTLEY, Administrator of the Estate of Charles J. Bartley, Deceased**

**v.**

**CONCRETE MASONRY CORPORATION and F.J. Meyerl, Inc., Corporations**

**v.**

**MASSARO COMPANY, a Corporation, and Carolin Masonry, a Corporation.**

**Appeal of CONCRETE MASONRY CORPORATION.**

Superior Court of Pennsylvania.

Argued May 10, 1983.

Filed Dec. 23, 1983.

Petition for Allowance of Appeal Denied March 29, 1984.

Matthew R. Wimer and Chester S. Fossee, Pittsburgh, for appellant.

James F. Manley, Pittsburgh, for appellees.

Before CERCONE, President Judge, and WICKERS-HAM, HESTER, BROSKY, WIEAND, BECK and JOHNSON, JJ.

BROSKY, Judge:

John P. Bartley commenced this action to recover damages for injuries suffered by his decedent, Charles J. Bartley. Charles J. Bartley, an employee of appellee Carolin Masonry was injured while working as a laborer on a job site in Plum Borough, Allegheny County. Appellee Massaro Company was the general contractor.

The original defendants in this action were appellant Concrete Masonry Corporation and F.J. Meyerl, Inc., which companies were performing work at the site. These companies, charged by Bartley with having negligently caused Charles Bartley's death, joined Massaro Company and Carolin Masonry as additional defendants.

Motions for summary judgment were filed by Massaro and Carolin Masonry and granted by the trial court. It is from the order granting the motions that this appeal is taken.

The trial court found that Massaro was decedent's statutory employer under the Workmen's Compensation Act, and concluded that, pursuant to Section 303 of the Act,[1] neither Massaro nor Carolin Masonry could be joined as additional defendants in this suit.

Appellant urges us to find that Massaro was not the decedent's statutory employer and that, in any event, the statutory employer and the employer can be joined as additional defendants.

We have concluded that Massaro was indeed the decedent's statutory employer, and is therefore immune from suit by him. We hold also that as such it is immune from joinder as an additional defendant. Carolin Masonry is

1. Act of June 2, 1915, P.L. 736, as amended by Act of December 5, 1974, P.L. 782, No. 263 § 6; 77 P.S. § 481.

immune from joinder as an additional defendant because of its employer status. We, therefore, affirm the order.

We discuss first appellant's contention that Massaro ought not to be accorded statutory employer status. Its argument is that certain amendments to 302(b) of the Act,[2] effectively amended Section 203 [3] which defines statutory employer immunity in the following manner:

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

This statute has long been interpreted as requiring that five criteria be met if statutory employer status is to attach. In *McDonald v. Levinson Steel Company*, 302 Pa. 287, 295, 153 A. 424 (1930), these criteria were established and explained as follows:

(1) An employer who is under contract with an owner or one in the position of an owner. (2) Premises occupied by or under the control of such employer. (3) A subcontract made by such employer. (4) Part of the employer's regular business entrusted to such subcontractor. (5) An employee of such subcontractor.

Appellant does not contest that Massaro meets these guidelines. Instead, it urges us to find that in view of amendments to Section 302(b) of the Act, these criteria alone no longer entitle a general contractor in the position of Massaro to statutory employer status.

Section 302(b), which pertains to the payment of workmen's compensation, was amended in 1974. Prior to that date, it provided that it was to be conclusively presumed that a contractor, who (like Massaro) permitted sub-contrac-

2. 77 P.S. § 462.

3. 77 P.S. § 52.

tors and their employees on the premises had agreed to pay workmen's compensation. The statute did, however, contain "elective compensation" language that permitted non-payment of compensation under certain circumstances.

The 1974 amendment to Section 302(b) eliminated the presumption that the contractor had agreed to pay compensation. Instead, it provides that:

An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employe or contractor if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act. Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from another person if the latter is primarily liable therefor. 77 P.S. 462 (see also 77 P.S. § 461)

It is uncontroverted that appellee, Carolin Masonry, the sub-contractor and decedent's employer, and Massaro entered into an agreement which provided that Carolin Masonry was to procure workmen's compensation insurance for its employees and hold harmless Massaro. Appellant would have us hold, essentially on public policy grounds, that because Carolin Masonry and not Massaro, was responsible for the payment of workmen's compensation benefits to the decedent, that Massaro ought not to be accorded statutory employer status. The same argument was advanced to us in *Cranshaw Construction Inc. v. Ghrist,* 290 Pa.Super. 286, 434 A.2d 756 (1981), and we rejected it then as we do today.

In *Cranshaw, supra,* we held the amendment of Section 302 of the Act worked no amendment of § 203. We noted that our Supreme Court in *Capozzoli v. Stone & Webster*

*Engineering Corporation,* 352 Pa. 183, 42 A.2d 524 (1945), held

> ... under the former Section 302, an agreement by a subcontractor to provide workmen's compensation for its employees does not operate to remove the statutory employer from the scope of Act II of the Workmen's Compensation Act, even though it may operate to relieve such employer from payment of compensation by placing that responsibility upon the subcontractor.

It is well established that when confronted with questions of statutory construction, the words of a statute are to be interpreted in light of the antecedent case law. *Truck Terminal Co. v. Comm. of Pennsylvania Dept. of Transportation,* 486 Pa. 16, 23, 403 A.2d 986, 989 (1979).

We conclude, as we did in *Cranshaw, supra,* that had the Legislature intended to alter the effect of Section 203 of the Act according to whether a statutory employer had the responsibility to pay workmen's compensation benefits, it could have so amended that article. As it is, the Legislature, long after the *Capozzoli* decision, made no such change. We cannot do so.

█ We turn next to appellant's contention that Section 303(b) of the Act does not preclude the joinder of the employer and statutory employer as additional defendants for purposes of determining whether a "set-off" should be allowed the original defendant.[4]

4. Section 303 provides:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or other-

We have held several times recently that an employer cannot be joined as a third party defendant in an action brought by the employee against a third party.

In *Heckendorn v. Consolidated Rail Corp.*, 293 Pa.Super. 474, 439 A.2d 674 (1981), we held that an employer could not be joined as an additional defendant for purposes of appointing liability under the Comparative Negligence Act. We said of Section 303, "It has 'obliterated' the common law cause of action against the employer and foreclosed the adjudication of liability on the part of the employer." Id., 293 Pa.Superior Ct. at 477, 439 A.2d at 675.

We held similarly in *Kelly v. Carborundum Co.*, 307 Pa.Super. 361, 453 A.2d 624 (1982), and said, "It seems clear, therefore, that substantive law precludes the joinder of an employer for the purpose of determining fault in an action commenced by an employee against a third person. Id., 307 Pa.Superior Ct. at 367, 453 A.2d at 627. See also *Brozzetti v. Hempt Brother, Inc.*, 310 Pa.Super. 249, 456 A.2d 595 (1983); *William Harter and Cleaver Brooks, A Division of Aquachem, Inc. v. Yeagley*, 310 Pa.Super. 449, 456 A.2d 1021 (1983) (all causes of action against the employer obliterated). Appellant urges us to do precisely what we have said we cannot do—that is, permit joinder of the employer to determine the fault of all possible tortfeasors.

Appellants argue that the result we reach is an unfair one because it places the burden of a judgment on the original defendant even if he is not entirely at fault. Such arguments have been made before and as we said in *Heckendorn, supra*, 293 Pa.Super. at 482, 439 A.2d at 678, the argument that this statute creates too absolute a victory for "the employer is an argument based on social policies and should, more properly, be addressed to the legislature."

wise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.
Act of Dec. 5, 1974, P.L. 782, No. 263; 77 P.S. § 481.

See also *William Harter, supra,* 310 Pa.Superior Ct. at 454, 456 A.2d at 1024.[5]

The grant of summary judgment as to Carolin Masonry was consistent with existing law. Similarly, we held in *Cranshaw, supra,* 290 Pa.Super. at 294–296, 434 A.2d at 760–761, that Section 303(b) encompasses statutory employees and renders them immune from joinder.

Therefore, the order of the lower court is affirmed.

HESTER, J., files a concurring and dissenting opinion.

HESTER, Judge, concurring and dissenting:

I concur with the action of the majority in affirming the summary judgment as to Carolin Masonry, the employer of decedent. The liability of Carolin is controlled by the Workman's Compensation Act.

However, I must respectfully dissent from the conclusion of the majority to the effect that appellee-Massaro was the statutory employer of decedent. It is admitted that decedent was not an employee of Massaro at the time he sustained his fatal injury. It is further admitted that Massaro did not provide Workman's Compensation Coverage for decedent; that coverage was provided by decedent's employer, Carolin Masonry.

Inasmuch as the 1974 amendments to the Workman's Compensation Act provided that, in this situation, Massaro was not liable to employees of Carolin for the payment of Workman's Compensation benefits, Massaro should not then be accorded the protection provided by the "statutory employer" fiction. Massaro was neither the employer nor the statutory employer of decedent. Said amendments provided as follows:

Section 302(a)

"A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of

---

**5.** Appellant's arguments as to the constitutionality of Section 303(b) have been addressed by our Supreme Court in *Tsarnas v. Jones & Laughlin Steel Corp.,* 488 Pa. 513, 412 A.2d 1094 (1980).

compensation to the employees of the subcontractor *unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act.* Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable thereof." (emphasis added).

Section 302(b)

"Any employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employee or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employee or contractor, shall be liable for the payment of compensation to such laborer or assistant *unless such hiring employee or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act.* Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from another person if the latter is primarily liable therefor." (Emphasis added).

"For the purposes of this subsection (b) the term 'contractor' shall have the meaning ascribed in Section 105 of the Act."

This language is clear and free of ambiguity, it cannot be disregarded. The legislative intent is clear. It mandates the conclusion that where the subcontractor has secured the payments of compensation, the general contractor does not become liable for the payment of compensation to the subcontractor's employees. The majority contends that the foregoing amendments to section 302 of the Act did not amend Section 203, citing *Capozzoli v. Stone & Webster Engineering Corp.*, 352 Pa. 183, 42 A.2d 524 (1945). In so holding, the majority fails to effectuate the intent of the legislature in enacting the 1974 amendments. As was

stated in Judge Shertz' dissenting opinion in *Cranshaw Const. v. Ghrist*, 290 Pa.Super. 286, 300, 434 A.2d 756, 763:

In undertaking an analysis of sections 461 and 462, as amended, in the context of the entire Act, we must be mindful of certain well established principles of statutory construction. A statute must be construed and applied so as to ascertain and to effectuate the legislative intent and, whenever possible, must be read consistently so as to give effect to all it provisions. Pa.Cons.Stat.Ann. Tit. 1, § 1921(a) (Purdon Supp.1981–82); *Commonwealth v. Hill*, 481 Pa. 37, 391 A.2d 1303 (1978). If a statute contains irreconcilable provisions, special provisions shall prevail over general provisions and those last in order of date shall prevail over earlier provisions. Pa.Cons.Stat. Ann. tit. 1, §§ 1933 & 1934 (Purdon Supp.1981–82). Words which are clear and free from all amiguity are not to be disregarded under the pretext of pursuing their spirit. Pa.Cons.Stat.Ann. tit. 1, § 1921(b) (Purdon Supp. 1981–82). Finally, with specific reference to the Act, it is axiomatic that, since it was designed to benefit employees injured in work-related accidents, it should be liberally construed so as to achieve its remedial purpose. *Workmen's Compensation Appeal Board v. Overmyer Mold Company*, 473 Pa. 369, 374–75, 374 A.2d 689, 691 (1977); *Workmen's Compensation Appeal Board v. Hartlieb*, 465 Pa. 249, 348 A.2d 746 (1975); *Billick v. Republic Steel Corp.*, 214 Pa.Super. 267, 257 A.2d 589 (1969).

The rules of statutory construction require, we repeat, that every statute be construed, if possible, to give effect to all of its provisions. To find that appellee Massaro was appellant's statutory employer would be in complete disregard of the 1974 amendments to the Act. It fails to give effect to the "unless clauses" in sections 302(a) and 302(b) as amended. As Judge Shertz further stated in his dissenting opinion in *Cranshaw*, supra, at pages 305–306 of 290 Pa.Superior Ct. and at page 765 of 434 A.2d:

Since 1974, however, the basis for the immunity has been eliminated since the amendments specifically provide that

the general contractor is not liable, even in a reserve status, if the subcontractor has secured the requisite payment of compensation. In enacting these amendments, our Legislature has chosen to follow those jurisdictions which do not allow general contractors, who have no liability for workmen's compensation, to escape common law liability as well. E.g., *Merritt Chapman & Scott Corporation v. Fredin*, 307 F.2d 370 (9th Cir.1962); *Whiting v. Farnsworth & Chambers Co.*, 293 F.2d 45 (10th Cir.1961); *Kozoidek v. Gearbulk Ltd.*, 471 F.Supp. 401 (D.Md.1979); *Ryan v. New Bedford Cordage Co.*, 421 F.Supp. 794 (D.Vt.1976).

The result effected by the 1974 amendments is sound and eminently fair. As pointed out in *Robinson*, supra [1], the pre-1974 immunity granted the general contractor was the benefit accorded to him for assuming the compensation burden, even if only on a reserve basis. Where, however, as under sections 461 and 462 and the instant facts, such a burden is never assumed, neither logic nor equity support a continued grant of immunity. To hold otherwise, as aptly pointed out by the trial court, is tantamount to putting a general contractor in the position of "having its cake and eating it, too" and constitutes unwarranted judicial legislation.

As was pointed out by Judge Hoffman some seven (7) years prior to the enactment of the 1974 amendments:

... very great care ... must be exercised before allowing an employer to avoid his liability at common law by asserting that he is a statutory employer. Section 52 of the Workmen's Compensation Act, which was designed to extend benefits to workers, should not be causally converted into a shield behind which negligent employers may seek refuge.

*Stipanovich v. Westinghouse Electric Corporation*, 210 Pa.Super. 98, 106, 231 A.2d 894, 898 (1967). Since the enactment of the 1974 amendments, Judge Hoffman's admonition is more germaine than ever.

1. *Robinson v. Atlantic Elevator Co.*, 298 Pa. 549, 148 A. 847 (1930).

In sum, decedent-appellant Bartley was an employee of Carolin Masonry Corporation. Carolin Masonry was a subcontractor of appellee Massaro Company. Carolin provided Workman's Compensation coverage for Bartley. In view of this uncontradicted fact situation it was not possible for appellee Massaro to be liable for the payment of Workmen's Compensation benefits to the decedent-appellant or his Estate. It would therefore follow that Massaro should not be accorded the fictitious defense of a "statutory employer."

For the forementioned reasons, I dissent.