John A. WERNER, Jr., Plaintiff,

v.

The BIG SKY SHOP, a Division of Clark Shoe Company and Turner-Bush, Inc., Defendants.

Civ. A. No. 84–3126.

United States District Court, E.D. Pennsylvania.

Aug. 28, 1985.

Thomas R. Hurd, Farage & McBride, Philadelphia, Pa., for plaintiff.

Joseph C. De Maria, Philadelphia, Pa., for Big Sky.

Ernest Iannelli, Rubinate, Walsh, Marks & Martin, Philadelphia, Pa., for Turner-Bush.

### MEMORANDUM and ORDER

SHAPIRO, District Judge.

Before the court is a motion for summary judgment filed by defendant Turner-Bush, Inc. ("Turner-Bush") claiming immunity from suit by plaintiff John A. Werner, Jr. ("Werner") as a "statutory employer" under the Pennsylvania Workmen's Compensation Act of June 2, 1915, as amended in 1974, 77 P.S. §§ 1–1031 (the "Act"), and from liability on the cross-claim of co-defendant The Big Sky Shop ("Big Sky") for indemnity, under § 303 of the Act as amended, 77 P.S. § 481(b).

The court finds that Turner-Bush is a "statutory employer" under the Act and is entitled to immunity from suit by plaintiff, and that defendant Big Sky is precluded from asserting either a cross-claim or third party claim against it. Therefore, Turner-Bush's motion for summary judgment on the claim of plaintiff is granted and Big Sky's cross-claim against defendant Turner-Bush is dismissed with prejudice.

Werner was an employee of National Interiors, Inc. ("National"). National was a subcontractor of defendant Turner-Bush which in turn had a contract for construction work with defendant Big Sky, a lessee in Neshaminy Mall, Bensalem, Pennsylvania.

On November 3, 1982, Werner was engaged in the installation of an oak floor at Big Sky. While using an electric circular hand saw, modified by a fellow employee of National so that it could be used as a table saw, Werner's left hand was severely injured. Werner received Workmen's Com-

pensation benefits from National's insurance carrier.

Werner also brought this action against Big Sky for failure to take adequate precautions in hiring Turner-Bush as an independent contractor and against Turner-Bush for negligence in supervising the work and failing to protect the workmen on site. Big Sky cross-claimed against Turner-Bush on the ground that Turner-Bush agreed to indemnify and hold Big Sky harmless from claims against it by written agreement dated June 6, 1983.

Turner-Bush filed this motion for summary judgment on two grounds: 1) Turner-Bush is entitled to immunity from suit by Werner as a "statutory employer" under the Act. P.L. 736, as amended 77 P.S. §§ 1–1031; 2) Turner-Bush is not liable to Big Sky under an indemnity agreement postdating the injury in suit.

### WERNER v. TURNER–BUSH

The issue is whether Turner-Bush is immune from suit by the injured plaintiff as a "statutory employer" under the Act.

Section 203 of the Act, 77 P.S. § 52 provides:

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or assistant hired by an employee or contractor, for the performance on such premises of a part of the employer's regular business entrusted to such an employee or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employee.

In effect, the "statutory employer" becomes the employer of one not actually its employee; a "statutory employer" is liable to pay workmen's compensation if not paid by the actual employer and is therefore immune from suit to the same extent as the actual employer.

■ In *McDonald v. Levinson Steel Company*, 302 Pa. 287, 153 A. 424, 426 (1930), the Supreme Court of Pennsylvania set forth five requirements which the employer must meet to establish the status of "statutory employer":

To create the relation of statutory employer under Section 203 of the Act (77 P.S. § 52), all of the following elements essential to a statutory employer's liability must be presented;

1) An employer who is under contract with an owner or one in the position of an owner.

2) Premises occupied by or under the control of such employer.

3) A subcontract made by such employer.

4) Part of the employer's regular business intrusted to such subcontractor.

5) An employee of such subcontractor.

*See also Bartley v. Concrete Masonry Corp.*, 322 Pa.Super. 207, 469 A.2d 256, 257 (1983); *Cranshaw Construction, Inc. v. Ghrist*, 290 Pa.Super. 286, 434 A.2d 756, 757 (1981); *Pape v. Smith*, 227 Pa.Super. 80, 323 A.2d 856, 857 (1974); *Stipanovich v. Westinghouse Electric Corp.*, 210 Pa.Super. 98, 231 A.2d 894, 896 (1967).

The first element requires that Turner-Bush be under contract with the owner of the premises where the injuries to plaintiff occurred. Turner-Bush was general contractor to perform certain construction for Big Sky at its premises in Neshaminy Mall. There is no dispute that the first requirement is satisfied.

The second element requires that the premises where the accident occurred be occupied or under the control of Turner-Bush. Paul J. Corriveau, Superintendent of Turner-Bush, stated that the premises where plaintiff was injured were occupied or under the control of Turner-Bush. (Corriveau, Dep. p. 35). The deposition of George Webber, architect for Big Sky, also supports a finding that the premises where plaintiff was injured were occupied by or under the control of Turner-Bush. (Webber, Dep. p. 21). This testimony under oath has not been countered by Werner or Big Sky.

The third element requires that there be a subcontract by Turner-Bush. Plaintiff's employer, National, was a flooring subcon-

tractor of Turner-Bush at all material times.

The fourth element requires that Turner-Bush had entrusted to National part of its regular business. Pennsylvania decisions recognize that the statutory requirement is satisfied wherever the subcontracted work was an obligation assumed by a principal contractor under his contract with the owner.

> A clear illustration is the case of a general construction contractor all of whose obligations are fixed in the contract with the owner and who obviously will subcontract various portions of his contractual obligation. In such a case, while the principal contractor may not directly perform a particular part of his general obligation, chosing instead to subcontract it, nevertheless he may accurately be said to be in the business of assuming the broad obligations of a principal contractor and therefore equally to be in the business of letting out portions of his undertaking to others to perform on his behalf.

*Jamison v. Westinghouse Electric Corporation,* 375 F.2d 465, 468–69 (3d Cir.1967).

The flooring work being performed under subcontract at the time of plaintiff's unfortunate accident was required by general contractor Turner-Bush's contract with the owner. It is admitted that Werner's employer, National, was a subcontractor of Turner-Bush.

Finally, the fifth element requires that plaintiff be an employee of the subcontractor to whom part of the employer's regular business is subcontracted. It is undisputed that Werner was an employee of National, a subcontractor on the job site, to whom part of the employer's regular business was subcontracted.

Werner contends that these five requirements for establishing the status of "statutory employer" have been expanded by the 1974 amendments to the Act. Werner argues that Section 302, as amended [1] has by implication imposed a sixth requirement for the status of "statutory employer" so that a contractor must have paid or been liable for workmen's compensation benefits to the injured employee in order to have immunity as a statutory employer. Since National carried Workmen's Compensation Insurance that has paid workmen's compensation benefits to Werner and Turner-Bush has not paid him any benefits, Werner alleges that Turner-Bush is not immune from liability to him for negligence.

Werner asserts that the 1974 amendments make immune only the contractor paying the workmen's compensation benefits because the contractor is now liable unless the subcontractor has paid for workmen's compensation insurance, in which case the subcontractor is primarily liable. Werner claims this interpretation is consistent with the purpose of Section 203 to assure benefits to injured workmen. His argument is that the immunity granted by Section 203 was in exchange for the con-

---

**1.** Section 302 of the Act, as amended, 77 P.S. §§ 461, 462, provides:

**§ 461. Coverage of employees of subcontractor; subcontractor defined; exception.**

A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act. Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor ....

**§ 462. Coverage of laborer or assistant hired by employe or contractor; contractor defined**

Any employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such ppremises of a part of such employer's regular business entrusted to that employe or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employe or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act. Any employer or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from another person if the latter is primarily liable therefor.

tractor's secondary liability which was removed by the 1974 amendments; it is argued that if there is no liability for workmen's compensation payments to the employee, there should be no immunity either.

■ But plaintiff misconstrues the statutory history. The 1974 amendments increased rather than diminished the responsibility of the contractor. Formerly, a contractor had the option not to be bound to pay compensation if notice of such intent were filed and posted by the contractor. Section 302, as amended, made mandatory the duty of the contractor to pay workmen's compensation benefits whenever the subcontractor primarily liable is not properly insured under the Act; 77 P.S. §§ 461, 462. It provides no basis to change the definition of the "statutory employer" or the rule that such an employer is liable to the injured workman "in the same manner and to the same extent as his own employee" under Section 203.

■ In this diversity case, a federal court must determine state law by considering relevant state precedent, analogous decisions, considered dicta, scholarly works, and any other reliable data tending to show convincingly how the highest court in the state would decide the issue at hand. *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657 (3d Cir.1980).

Relying on the Supreme Court's decision in *Capozzoli v. Stone & Webster Engineering Corporation*, 352 Pa. 183, 42 A.2d 524 (1945), the Pennsylvania Superior Court in *Bartley v. Concrete Masonry Corp.*, 322 Pa.Super. 207, 469 A.2d 256 (1983) and *Cranshaw v. Ghrist*, 290 Pa.Super. 286, 434 A.2d 756 (1981) has twice concluded that "had the legislature intended to alter the effect of Section 203 of the Act according to whether a statutory employer had the responsibility to pay workmen's compensation benefits it could have so amended that article. As it is the legislature, long after the *Capozzoli* decision, made no such change. We cannot do so." *Bartley*, 469 A.2d at 258.

We believe that the Supreme Court of Pennsylvania would concur that, "since Section 203 was not changed by the amendment, we see no reason to construe the alteration of section 302 as an indirect amendment of the former section." *Cranshaw Construction, Inc. v. Ghrist*, 290 Pa. Super. 286, 434 A.2d 756 (1981). All the elements essential to the status of a statutory employer having been present, Turner-Bush is a "statutory employer" under Section 203 of the Pennsylvania Workmen's Compensation Act, 77 P.S. § 52.

National, the subcontractor, was properly insured under the Act and its insurer paid Werner his workmen's compensation benefits. Nevertheless, Turner-Bush as a statutory employer is immune from suit and not liable to Werner under Section 203 of the Act, 77 P.S. § 52.

BIG SKY v. TURNER–BUSH

■ The Act precludes liability of the statutory employer to the employee or a third party unless the actual employer would be liable; therefore, under the 1974 amendments, a statutory employer is immune from suit for damages, indemnity or contribution.

Section 303 of the Act, as amended in 1974, 77 P.S. 481, provides:

**§ 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party**

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 108.

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and

agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

In *Tsarnas v. Jones & Laughlin Steel Corp.*, 488 Pa. 513, 412 A.2d 1094 (1980), the Pennsylvania Supreme Court held that:

Section 303(b) creates an exception to the general right to contribution from joint tortfeasors. Under that section, a third party whose negligence is responsible, in part, for an injury suffered by an employee protected by the Workmen's Compensation Act, may not, in the suit brought by the employee against him, join the employer as an additional defendant.

*Id.* at 1096. The constitutionality of this amendment was upheld against attack under Articles I and III of the Pennsylvania Constitution and the Equal Protection clause of the Fourteenth Amendment and is not controverted before this court.

In this diversity action we must now decide whether or not a Pennsylvania appellate court would hold that these Section 481 provisions of the 1974 amendments to the Act apply not only to Werner's employer, National, but to Turner-Bush, a "statutory employer" under Section 203 of the Act. A review of the case law prior to the 1974 amendments is helpful.

In Pennsylvania, an employee's right to commence an action against his employer for damages arising from injuries sustained during the course of his employment was and is barred by the Act; 77 P.S. § 481 (prior to 1974), and 77 P.S. § 481(a) (subsequent to 1974). Prior to the 1974 amendments, under Section 203, a statutory employer (such as a contractor) that accepted the Act was liable to the laborer of an employer (or subcontractor) hired by the statutory employer to perform part of his regular business, in the same manner and to the same extent as if his own employee. Thus, a contractor, if a "statutory employer," was not liable to the laborer of the other employee or subcontractor for damages for personal injury; the sole remedy was a claim under the Act. *Swartz v. Conradis*, 148 At. 529 (1929).

Prior to the 1974 amendments, if the employee eligible for workmen's compensation payments sued someone other than his employer for negligence, that defendant, to protect his right of contribution, could join the employer as an additional defendant. If the liability of the employer were established, the non-employer could obtain contribution from the employer but the employer's liability was limited to the amount of workmen's compensation due. *Maio v. Fahs*, 339 Pa. 180, 14 A.2d 105 (1940). Likewise, a contractor liable to the employee of another to the same extent as if the employee were his own, also could be liable for contribution to a non-employer tortfeasor but for no more than the amount of the workmen's compensation award due the employee. *See Hattersley v. Bollt*, 512 F.2d 209, 221 (3d Cir.1975); *Elston v. Industrial Lift Co.*, 420 Pa. 97, 216 A.2d 318, 319 (1966). But if the direct employer had compensation coverage and the compensation had been paid, the statutory employer was immune from suit and could not be kept on record to establish an obligation for contribution. *Moore v. Philadelphia Electric Co.*, 189 F.Supp. 808 (E.D.Pa. 1960); *Giordano v. Clement Martin, Inc.*, 347 Pa. 61, 31 A.2d 504 (1943). It is clear that prior to the 1974 amendments the so-called "statutory employer" had the same immunity from suit and the same limitations on liability as a direct employer under the Act.

Since the 1974 amendments to the Act, a non-employer defendant may not join the employer as a third-party defendant nor may the third party otherwise seek contribution or indemnity from the employer, even though the employer's own negligence may have been the primary cause of the injury. *Tsarnas*, 419 A.2d at 1096.

The fact that the statutory employer or general contractor is not expressly referred to in Section 303, as amended, does not indicate an intention on the part of the legislature to prohibit joinder of the direct employer only and not the statutory employer or contractor on whom liability as an employer is imposed by the Act. Section 303 as originally enacted never made express reference to a statutory employer; the status was created by Section 203, 77 P.S. § 52. That Section of the Act was left untouched by the 1974 amendments and still provides that a contractor (statutory employer) is liable to an employee of. a subcontractor "... in the same manner and to the same extent as to his own employee."

The issue of third-party contribution in the context of workmen's compensation law has been characterized as "perhaps the most evenly-balanced controversy in all of compensation law." *Elston*, 216 A.2d at 319. Generally, prevailing practice has been to insulate an employer from contribution on the ground that the employer is not liable to the employee in tort and therefore cannot be a joint tortfeasor. The liability of the employer is considered an absolute liability whether negligent or not and the claim against the employer is allowed solely for statutory benefits.

Pennsylvania, giving recognition to the equities underlying contribution, formerly allowed recovery by the third-party tortfeasor against the employer to the limited extent of the employer's liability under workmen's compensation. But in 1974 the Pennsylvania legislature granted the employer total immunity from third-party actions. The injustice of this result has been called to the attention of the Pennsylvania Legislature by the dissenting justices in *Hefferin, Arnold,* and *Tsarnas v. Jones & Laughlin Steel Corp.,* 262 Pa.Super. 417, 396 A.2d 1241 (1978).

It is argued that since the employer may not be joined as an additional defendant, one of two equally negligent tortfeasors—the third-party—bears the entire burden of the judgment if the third-party cannot get contribution from the employer. It has also been argued that the "bargain" of the Act is that the employee is limited to a maximum recovery in return for getting an assurance of recovery of some sort regardless of the employee's fault; the employer, in return for being assured of only having to pay a certain limited amount, must pay that amount regardless of the employer's fault. The third-party stranger to the compensation system receives no *quid pro quo* limited common law liability to compensate for the loss of its right to contribution.

While these arguments are properly addressed to the Legislature, whatever the Pennsylvania rule is or should be, there can be no basis for distinguishing between a direct employer and a Section 203 statutory employer with regard to third-party actions. To treat them differently would have no justifiable purpose either under the statute or case law.

One of the strong arguments against the constitutionality of 77 P.S. § 481(b) as to the direct employer has no validity when the statutory employer is considered. Section 481(b) does not absolutely preclude a third party from bringing an action against the employer for contribution because the right to contribution can be expressly provided for in a written contract made prior to the date of the occurrence which gives rise to the action; *Tsarnas,* 396 A.2d at 1244. But in many instances the third party and the employer will not be in a contractual relationship (*e.g.,* an employee injured in an automobile accident caused by the negligence of a second employee and a third party), and it will be impossible for the third party to provide expressly for contribution prior to the event; *Id.* at 1253. That situation does not obtain in the case of the Section 203 statutory employer because to create the relation of statutory employer under Section 203 Pennsylvania courts require that the statutory employer is under contract with an owner and has made a contract with a subcontractor so the right to contribution can be expressly provided for by contract should the parties so choose.

Therefore, the court believes that were the Pennsylvania appellate courts to resolve the issue before us, they would be guided by the comment of the Supreme Court in *Elston,* 216 A.2d at 324:

> ... it is significant to note that the Pennsylvania policy in favor of permitting contribution between joint tortfeasors has been subjected to modification when that policy conflicts with our workmen's compensation program. The limitation imposed on the extent to which the employer is subjected to liability to the third-party tortfeasor reflects a paramount concern with the policies underlying workmen's compensation and the priority of those policies over the equities underlying contribution.

We conclude as we did in *Baraniecki v. Bennett,* Civil Action No. 77–729, Slip Op. (E.D.Pa. September 18, 1979), that "... the status [of statutory employer] was created by Section 203, 77 P.S. § 52. That Section of the Act was left untouched by the 1974 amendments and still provides that an employee of a subcontractor '... in the same manner and to the same extent as to his own employee'...."

■ Under Pennsylvania law a statutory employer under Section 203 of the Act continues to be immune from suit by the employee under Section 303(a) and precluded from liability to a third party for damages, contribution or indemnity in any action at law, or otherwise, under Section 303(b), 77 P.S. § 481(b), unless liability for such damages, contribution or indemnity has been expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

■ Big Sky alleges in its cross-claim that Turner-Bush has in fact agreed to indemnify Big Sky and hold it harmless for claims against it. It is undisputed that plaintiff's injury occurred on November 3, 1982. The agreement attached as an Exhibit to the cross-claim was dated June 6, 1983; more than seven (7) months *after* plaintiff's injury; therefore, Turner-Bush cannot be held liable to Big Sky.

Turner-Bush's motion is granted, and summary judgment is entered in favor of movant against plaintiff Werner and the cross-claim of defendant Big Sky is dismissed with prejudice. The action will proceed only on Werner's claim against Big Sky based on § 431 of the Restatement of Torts 2d.