**Hain v. Borough of West Reading**

*Eric Winter,* for plaintiff.

*Johnathan D. Herbst,* for defendant Stirling Engineering & Construction Inc.

LASH, *J.,* November 13, 2007—The matter before this court is the motion of defendant, Stirling Engineering & Construction Inc., for summary judgment. Stirling claims, as a matter of law, that it is entitled to statutory employer immunity under the Pennsylvania Workers' Compensation Act.[1] Plaintiff, Archer Hain, argues that under these facts and circumstances, the statutory employer defense is a violation of plaintiff's constitutionally protected due process rights and, therefore, the motion for summary judgment should be denied. For reasons set forth herein, this court grants the motion for summary judgment.

In *Jones v. SEPTA,* 565 Pa. 211, 216, 772 A.2d 435, 438 (2001), the Supreme Court restated the standard for granting summary judgment:

---

1. 77 P.S. §52.

"Summary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law. *Skipworth v. Lead Industries Association Inc.,* 547 Pa. 224, 230, 690 A.2d 169, 171 (1997). Summary judgment is proper in cases in which 'an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to a cause of action or defense in which a jury trial would require the issues be submitted to a jury.' Pa.R.C.P. 1035.2(2). We review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 144-45, 615 A.2d 303, 304 (1992)."

The Act provides a no-fault system for compensation by employers for work-related injuries sustained by employees. The Act also grants immunity to employers from separate tort liability for work-related injuries. Under the Act, the protected class of employers is not limited solely to actual employers but includes what is known as "statutory" employers, as defined under section 52 of the Act, which states:

"An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employer or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employee or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employee."

To determine what constitutes a statutory employer, our courts have relied on long-standing precedent established by the Pennsylvania Supreme Court in the case of *McDonald v. Levinson Steel Company,* 302 Pa. 287, 294, 153 A. 424, 426 (1930), which delineates a five-part test on whether a statutory employer relationship is present:

"(1) An employer who is under contract with an owner or one in the position of an owner;

"(2) Premises occupied by or under the control of such employer;

"(3) A subcontract made by such employer;

"(4) Part of the employer's regular business entrusted to such subcontractor; and

"(5) An employee of such a subcontractor." *Id.* at 294-95, 153 A. at 426.

For purposes of this motion, the facts are not in dispute. According to plaintiff's amended complaint, defendant, Borough of West Reading, contracted with Stirling to construct a new facility for defendant, West Reading Fire Company No. 1. In due course, Stirling hired F.L. Royer as masonry subcontractor for the project. Plaintiff was an employee of Royer. At all relevant times, Stirling, as general contractor, controlled the day-to-day operations of the project, including supervising the subcontractors, such as F.L. Royer Inc.

On October 10, 2002, plaintiff was at the project site repairing damaged masonry. He was located inside the clock tower on scaffolding erected in the area. He fell from the scaffolding, suffering injuries.

Under these facts, Stirling clearly qualifies as a statutory employer, meeting all five requirements of the *McDonald* test. Further, Stirling's status as a statutory employer is not compromised by the fact that the actual employer, F.L. Royer Inc., was the entity responsible to cover plaintiff's compensation benefits, nor by the fact that Stirling incurred no responsibility. In the case of *Fonner v. Shandon Inc.,* 555 Pa. 370, 379, 724 A.2d 903, 907 (1999), the Supreme Court determined that a general contractor is entitled to immunity as a statutory employer from suit for common-law negligence, even though the subcontractor, which directly employed the injured worker, provided the worker's compensation insurance which paid benefits for the worker's injuries. The court stated:

"Thus, in negligence cases, the general contractor has full immunity from suit by the employee of a subcontractor which an immediate employer would have. He is the statutory employer and is the insured employe's employer for negligence immunity purposes and is secondarily liable for compensation even though the immediate employer or some other intermediate subcontractor . . . is insured and responds fully on the injured employe's claim. The reason for this difference . . . must be that, since the general contractor remains statutorily liable, although only in reserve status, in return for this he has the statutory employer's immunity from statutory employe negligence in suits in all events. (citation omitted)"

Accordingly, under the terms of the Act, Stirling is entitled to summary judgment. Plaintiff, however, contends that this court should declare the Act unconstitu-

tional. Specifically, plaintiff urges that section 52 precludes access to the court and limits recovery, actions proscribed by the Pennsylvania State Constitution.

Plaintiff cites Article 1, Section 11, and Article 3, Section 18, as the applicable provisions of the constitution. Article 1, Section 11, states:

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the legislature may by law direct."

Article 3, Section 18, states:

"The General Assembly may enact laws requiring the payment by employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof, and providing special or general remedies for the collection thereof; but in no other cases shall the General Assembly limit the amount to be recovered for injuries resulting in death, or for injuries to persons or property, and in case of death from such injuries, the right of action shall survive, and the General Assembly shall prescribe for whose benefit such actions shall be prosecuted. No act shall prescribe any limitations of time within which suits may be brought

against corporations for injuries to persons or property, or for other causes different from those fixed by general laws regulating actions against natural persons, and such acts now existing are avoided."

The gravamen of plaintiff's argument is that he cannot be denied his right to redress against Stirling because the Act significantly interferes with the exercise of a fundamental right, and such an interference can be upheld only if it is necessary to promote a compelling state interest and is narrowly tailored to effectuate that state purpose. *Fausey v. Hiller,* 851 A.2d 193, 195 (Pa. Super. 2004). According to plaintiff, there is no compelling state interest because under the Act, the actual employer is required to provide all the necessary compensation coverage. Thus, there is no corresponding duty conferred upon Stirling in exchange for the immunity it enjoys through the terms of the Act. Plaintiff cites the concurring opinion of Judge Melinson of the Superior Court in the case of *Travaglia v. C.H. Schwertner & Son Inc.,* 391 Pa. Super. 61, 72-74, 570 A.2d 513, 518-20 (1989) (emphasis added), for elaboration of his position:

"I take this opportunity solely to note my opinion that sections 203 and 302 of the Workers' Compensation Act have outlived their usefulness . . . I believe that the statutory employer immunity doctrine articulated is contrary to basic tenets of American law. . . . [T]hese sections of the Workers' Compensation Act 'operate to relieve [the general contractor] from payment of [workmen's] compensation by placing that responsibility upon the subcontractor.' *Capazzoli v. Stone & Webster Engineering Corporation,* 352 Pa. 183, 188, 42 A.2d 524, 526 (1945); see also, *Cranshaw,* 290 Pa. Super. 286, 434

A.2d 756. As stated by Arthur Larson, James B. Duke Professor of Law at the Duke University School of Law, 'in the increasingly common situation displaying a hierarchy of principal contractors upon subcontractors upon subcontractors, if an employee of the lowest subcontractor on the totem pole is injured, there is no practical reason for reaching up the hierarchy any further than the first insured contractor.' Larson, Workmen's Compensation Law, §49.14.

"Thus, the effect of these abhorrent legislative pronouncements is to absolve a general contractor of any and all responsibility for negligent or grossly negligent conduct without even imposing upon that contractor the corresponding duty to compensate an injured employee under workers' compensation. Our judicial system is based upon the concept that individuals and corporations alike will be held accountable for their mistakes and indiscretions. To allow general contractors to escape from any sort of liability for injuries to the employees of their subcontractors, without any examination of the circumstances of the injury, clearly runs counter to this fundamental concept."

Plaintiff's argument may point out a valid basis for changing the law. However, the argument fails to acknowledge the express authority conferred upon the General Assembly to enact the very type of legislation that he is attacking. Article 3, Section 18, expressly permits the General Assembly to enact laws on payment of compensation for employee injury. Said laws can delineate the rights, duties and nature of payment by employers, can fix the basis of ascertainment of compensation, and can set maximum and minimum limits. In passing

the Act, the General Assembly was, without question, within its authority in imposing employer liability through the provisions of the Act and, correspondingly, granting immunity to employers from lawsuits raising claims separate from the Act. Having accepted that basic principle, this court can discern no constitutional restriction stemming from the word "employer" which would limit the General Assembly from expanding the common definition of employer to include a statutory employer as set forth in section 52. We cannot find that section 52 contravenes the intent of the framers of the Pennsylvania Constitution in granting the General Assembly the authority conferred by Article 3, Section 18. Plaintiff's constitutional challenge must, therefore, be denied.

Accordingly, we enter the following order:

## ORDER

And now, November 13, 2007, upon consideration of the motion of defendant, Stirling Engineering & Construction Inc., for summary judgment, response thereto, briefs filed by the parties and after argument held, the motion is hereby granted. Judgment is entered in favor of defendant, Stirling Engineering & Construction Inc., and against plaintiff, Archer Hain.